[No. 11707. Department One. February 4, 1914.]

O. R. THORBERG et al., *Respondents*, v. THE CITY OF
HOQUIAM et al., *Appellants*.[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—CHANGE OF GRADE—LIA-
BILITY—EVIDENCE—SUFFICIENCY. A city establishes a grade, which it
cannot thereafter change without paying for the consequential dam-
ages to abutting property, where by formal resolution and contract,
it improved the street by clearing and grading it to its full width
and building a plank road with sidewalks on both sides; the pre-
sumption being that a grade was adopted, a formal ordinance estab-
lishing a grade not being necessary.

SAME—IMPROVEMENTS — PERMANENCY. A plank roadway sixteen
feet wide must be presumed to be a permanent and not a temporary
improvement, where the work was done on the special assessment
plan and the cost charged to property in the district, and where the
intent to grade the street was clearly manifest.

SAME—IMPROVEMENTS—LIABILITY FOR CHANGE OF GRADE—REMEDIES
OF OWNER — INJUNCTION — DAMAGES. Where property owners per-
mitted a city to prosecute street improvement work until it was
nearly completed, they cannot enjoin the work on the ground that
they had not been paid damages by reason of a change of grade; their
only remedy being recovery of the damages at law.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered July 9, 1913, upon findings in
favor of the plaintiff, in an action for an injunction. Re-
versed.

*James P. H. Callahan, Geo. D. Abel,* and *W. H. Abel,* for
appellants.

*William E. Campbell,* for respondents.

CHADWICK, J.—In the year 1905, the city council of the
city of Hoquiam, by formal resolution, provided for the im-
provement of a portion of L street, in said city. The inten-
tion of the city council is evidenced by a formal resolution
wherein it is said, *inter alia:*

[1]Reported in 138 Pac. 304.

"It is the opinion of the said council that the said street should be improved by clearing, grading and removing obstructions from said street full width, and by building a plank roadway thereon, sixteen feet in width, and also by building sidewalks along both sides of said street, eight feet in width, according to the plans and specifications now on file in the office of the city clerk of said city."

A contract was let by the city, and in the specifications, we find the following:

"The street is to be cleared full width and down to the surface of the ground, of all trees, logs, stumps, roots, brush, and grass tussocks, which debris shall be burned; also all lumber in old sidewalks and in bridge over slough, near Fifth street, shall be similarly disposed of, provided that abutting property owners may have such lumber in consideration of their removing same from the street."

The improvement was made in accordance with the specifications, and the cost thereof assessed to the abutting property. About 3,500 feet of plank road, sixteen feet wide, and about 4,200 feet of sidewalk, was laid. Plaintiffs are the owners of one of the abutting lots, and have built a dwelling with reference to the existing street level, as improved in 1905. In November, 1912, plaintiffs and others petitioned for the improvement of L street. This the city undertook, adopting a plan which will require a raise in the grade of the street of about two or three feet above the natural level of the ground. The work had been substantially done, when these plaintiffs sued out a restraining order; and upon hearing the merits of the case, the court held that the city could not proceed until it had assessed the damages resulting to the property of the plaintiffs, and ordered the city to begin condemnation proceedings within twenty days, or remove the fill along the whole line of the street. The city has appealed.

The court held correctly when it was adjudged that the city had adopted a grade in 1905. Appellant contends that no proper grade having been established by ordinance when the 1905 improvement was made, the city may yet make an

original grade without meeting the consequential damages, under the authority of *Ettor v. Tacoma*, 57 Wash. 50, 106 Pac. 478, 107 Pac. 1061; *Wood,,v. Tacoma*, 66 Wash. 266, 119 Pac. 859, and *Seattle v. McElwain*, 75 Wash. 375, 134 Pac. 1089. We are told that the trial judge followed the case of *Sargent v. Tacoma*, 10 Wash. 212, 38 Pac. 1048, where it is said:

"But we are satisfied that the establishment of street grades within the meaning of the act of 1883, prohibiting the changes of grades so as to render the raising or lowering of buildings necessary, without the pre-payment of damages (Gen. Stat. § 759), contemplated either a grade established by the actual improvement of a street to a grade, or the formal adoption of a grade by ordinance or resolution. There is good authority for the latter proposition. *Stewart v. City of Clinton*, 79 Mo. 603; *Mattingly v. City of Plymouth*, 100 Ind. 545; *Nebraska City v. Lampkin*, 6 Neb. 27."

See, also, *Blair v. Charleston*, 43 W. Va. 62, 26 S. E. 341, 64 Am. St. 637, 35 L. R. A. 52; *Folmsbee v. City of Amsterdam*, 142 N. Y. 118, 36 N. E. 821; *Aldrich v. Aldermen of Providence*, 12 R. I. 241. Appellant strenuously insists that this is dictum and should not be followed. It is possible that the *Sargent* case could have been decided without going so far, but that does not impair the worth of the proposition there laid down when it is wedded to relevant facts. That a city may, by its conduct, and without formal ordinance, adopt a grade to which it will be bound, is well settled. It is admitted in both the opinion and the dissenting opinion in the case of *Jones v. Gillis*, 75 Wash. 688, 135 Pac. 627, where apt authorities are collected.

It is further contended by the city, as in the *Jones* case, that the improvement, being a plank roadway but sixteen feet wide, was not a permanent improvement; that it was at best a temporary convenience to the property owners; that no grade stakes were set when the plank road was laid down, and no attempt was made to follow a level line except by sighting with the eye. Respondent meets this argument by

reference to the case of *Knickerbocker Co. v. Seattle*, 69 Wash. 336, 124 Pac. 920, where this court held that an elevated roadway resting upon mud sills, piles and stringers was a permanent improvement. It was there insisted that a structure of wood was but a temporary improvement, and was intended to serve as a roadway only until such time as an earth fill could be made. We are not inclined to adopt the reasoning of the *Knickerbocker* case to the extent of holding that a plank roadway laid upon an ungraded street in a city is a permanent improvement as a matter of law; but where a grade is formally established, as was done in the *Knickerbocker* case (and here by adoption or estoppel), we think there can be no doubt of the proposition that a city would not be warranted in improving the street under the statutes permitting the creation of an assessment district and charging the cost of the improvement to the abutting property without giving the work some character of finality or permanence. Or, to state the proposition in another way, if a city improves a street under the special assessment plan and charges the cost thereof to the abutting property, the law will presume the formal adoption of a grade as against a subsequent change of grade on the part of the city. If not within the letter, this ruling is clearly within the spirit of Rem. & Bal. Code, § 7875 (P. C. 77 § 1167). In this case, the intent of the council to grade the street in 1905 is clearly manifest. In the *Jones* case, this court found the improvements formerly made to be casual and temporary; that a formal grade had been adopted; that the property owner had notice of it and built in defiance of it. It is also true that the cost of such work as was done was paid for by the city of Walla Walla out of its general funds.

It should not be understood that we are holding that a city cannot make and maintain for an indefinite time a roadway over its streets at the cost of the city pending the building of a proper and permanent roadway upon an established grade. That question is not before us.

Plaintiffs' only remedy in this case is to recover damages. They cannot enjoin the work. They permitted the city to begin and prosecute the work until near completion and must now seek their remedy at law. But recently we had occasion to consider the former decisions of this court and to lay down a rule upon this phase of the case:

"So it will be seen, where the petitioner is about to take possession without condemnation, injunction is a proper remedy; where there has been a taking and the public function is being exercised, the only remedy is to take compensation." *Kincaid v. Seattle*, 74 Wash. 617, 134 Pac. 504, 135 Pac. 820.

The case will be remanded with directions to the lower court to dissolve the injunction and to proceed at law to determine the damages sustained by the plaintiffs, if any.

CROW, C. J., GOSE, ELLIS, and MAIN, JJ., concur.