[No. 11808.  Department One.  January 6, 1915.]

### GEORGE LUDWIGS et al., Respondents, v. THE CITY OF WALLA WALLA et al., Appellants.[1]

LIMITATION OF ACTIONS—ACCRUAL—CHANGE OF STREET GRADES—VIOLATION OF ORDINANCE.  Limitations against an action to restrain a city from the violation of an unrepealed ordinance officially establishing curb grades, by the threatened lowering of the grade without first paying compensation, begin to run with each actual physical change, and not from the date of an ordinance authorizing an improvement under which certain previous physical changes had been made contrary to the originally established grades.

MUNICIPAL CORPORATIONS—STREET GRADES — CHANGE — DAMAGES.  Both the city and property owners are bound to observe and conform to a definite street and curb grade, once established, and the city may not change it by order or motion without payment of any damages resulting to abutting owners; and such owners cannot recover damages for the destruction of sidewalks which did not conform to the official grade.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered June 6, 1913, upon findings in favor of the plaintiffs, in consolidated actions for injunctive relief, tried to the court.  Affirmed.

*Thomas H. Brents* and *John F. Watson*, for appellants.

*H. S. Blandford, Sharpstein & Sharpstein*, and *T. P. & C. C. Gose*, for respondents.

[1]Reported in 145 Pac. 193.

ELLIS, J.—Four separate actions were brought to enjoin the city of Walla Walla from enforcing an order that sidewalks, adjacent to the properties of the respective plaintiffs, be removed and new sidewalks laid at their expense. The issues being practically the same, the four cases were, by stipulation, consolidated.

The plaintiffs are the owners of certain business properties, some of which abut on the south line of West Main street, some on the west line of South Third street, and some on both of these streets. All of these properties are in the plat of the original town, now city, of Walla Walla.

Between the years 1875 and 1878, the city council caused the streets in question to be surveyed, grades established and profiles prepared by the city surveyor, and adopted and caused to be filed in the office of the city clerk the profiles of the grades as established.

On September 6, 1878, ordinance No. 17 was passed, making it unlawful for any person to construct any sidewalk or gutter except in accordance with the ordinance; requiring a permit from the committee on streets for such work; requiring the city surveyor, upon application, to make the necessary surveys for such work; requiring a certificate of the surveyor as to the accuracy of any such work before acceptance by the council; and providing for sidewalk locations and curb grades as follows:

"Sec. 9. The grade of Main and parallel streets hereafter established shall run from center to center, and the curbs of those streets shall correspond to the official grade of the center of the street opposite. The grades of streets running from north to south, on the intersection of Main and parallel streets shall be level and shall run from line of block to line of block, the grade of the curb-lines conforming to the official grade of cross-street, and running with grade parallel to the center of the street.

"Sec. 10. In all cases not otherwise provided for the curbs shall correspond to the official grade of the street of which said sidewalk shall form a part. Sidewalks shall rise

from the curbs to the line of the block at the rate of one-fourth of an inch to every foot of width, and where the covering planks do not cover the whole width of the sidewalks the space not covered shall be filled to the top of the curb; the width of all sidewalks hereafter laid on streets eighty (80) feet wide shall be twelve (12) feet and upon streets one hundred (100) feet wide shall be sixteen (16) feet measuring from the line of the block to the outside of the curb."

On November 26, 1880, the council, by Ordinance No. 81, established a certain benchmark 100 feet above the base grades of the city as the initial benchmark of all levels thereafter to be run in the city. On January 4, 1881, Ordinance No. 88 was adopted, establishing the grades of Main street at the intersections of the center line with the cross streets, at specified heights above the base grades of the city. In 1881, the city, by special assessment against the abutting properties, graded and improved the roadways of Main and Third streets substantially to the grades so established.

The buildings on the Ludwigs property, or some of them, were first erected in 1881. All of the other buildings on all of the properties involved were built about the year 1887. So far as the record shows, none of the then owners of any of the properties secured any grades or surveys for the construction of these buildings. All that appears is that in the construction of the Ludwigs buildings the levels were taken from the physical surface of the crown of Main street. Wooden sidewalks were first constructed. In 1899 an ordinance was passed prohibiting wooden walks within certain limits, including the properties here in question. During the years 1900 and 1901 the several plaintiffs constructed cement concrete sidewalks along the adjacent streets here involved, replacing the old wooden sidewalks. None of these parties secured grades from the surveyor as required by the ordinance. Ludwigs claims that he was told by the chairman of the street committee to put his sidewalk on the same grade as the old wooden one, but the then city surveyor testified that he warned Ludwigs that he was building his walk off

grade and urged him to use the official grade. At any rate, the trial court found that all of these concrete sidewalks were above the official grade and none of the plaintiffs excepted to the finding. We therefore accept it as a fact.

In 1904 the city by ordinance created local improvement district No. 2, for the pavement of the streets here involved with asphalt on a concrete base. The district included all of the above mentioned properties. Main street is one hundred feet, Third street eighty feet wide. As formerly improved, the roadway on Main was sixty-eight feet, and on Third forty-eight feet wide. The width of sidewalks was, on Main, sixteen feet, on Third, twelve feet. The plan of the new improvement narrowed the roadway on Main to sixty feet, on Third to forty feet, thus extending the curbs four feet further into the streets on each side. The improvement consists of the pavement of the roadway from curb to curb, the construction of concrete curbs on each side of the narrowed roadway, and the laying of a four-foot strip of concrete sidewalk from the new curb to the old sidewalk. The two sidewalks failed to meet, the old being several inches higher than the new. The crown of the asphalt pavement conforms substantially to the elevation of the center grade line of Main street, as established in 1881 by Ordinance No. 88. The curbs, however, do not conform to Ordinance No. 17, as applied to that grade. All the curbs on Main street are five inches lower than the established center grade line of Main street, and on Third street four inches lower than the opposite center line of Third street. The same lowering of the curbs prevails throughout the whole district. This happened in this way. The city engineer adopted the property line instead of the curb line, as the base of the sidewalk grades, thus reversing the rule plainly prescribed in Ordinance 17, above quoted. Obviously, taking the property line as the base on a level with the center line of the street and sloping thence down to the curb, sixteen feet distant on Main street and twelve feet distant on Third street, at the rate of

one-fourth of an inch to the foot, would make the curb just four inches lower with a sixteen-foot walk and three inches lower with a twelve-foot walk, and five inches lower with a twenty-foot walk than would have been the case had the ordinance been followed by taking the sixteen-foot curb line on Main street and the twelve-foot curb line on Third street as the base on a level with the center line of the street, and sloping the sidewalk grade thence up one-fourth inch to the foot to the property line and down one-fourth inch to the foot to the new curb. An attempt was made to justify this departure from the ordinance on the ground that for years that plan had been followed because of the varying heights of the crown of the streets before there were any permanent pavements. The actual physical crown of a street is, however, a very different thing from the officially fixed grade of the center line of the street. The *crown* would of course vary with the state of repair of the street. The *grade* being a fixed line with reference to the city datum, would be invariable. It is clear from the evidence that this confusion of crown with official grade has led to the blunder of placing the curbs in this district from four to five inches below the official curb grade.

The court found, in substance, all of the facts as above outlined, and further found that the plaintiffs' sidewalks are all above the official grade, while the strip of new sidewalk laid by the city is, on Main street, four inches, and on Third street, three inches, below the official sidewalk grade of the respective streets, and that the lowering of the sidewalks adjacent to the plaintiffs' properties will damage the plaintiffs' properties in addition to what they were damaged upon the making of the permanent improvement by the city in 1904. The defendants were accordingly enjoined from compelling the lowering of the plaintiffs' sidewalks to conform to the new strip of sidewalk until these damages have been assessed and paid. The defendants appealed.

The appellants contend that the actions are barred by the statute of limitations, because the curb grade was lowered in 1904 and these actions were not commenced till 1912. It must be remembered, however, that neither ordinance No. 17 nor ordinance No. 88, which fixed the established street and curb grades, has ever been repealed. They have merely been violated. The official grade has never been changed. The wrong, therefore, dates from each actual physical change. The respondents may be barred of any remedy for the construction of the four-foot strip of new sidewalk which was laid in 1904. They are not barred as to the threatened enforced lowering of the old sidewalks adjacent to their properties to a level below the established grades.

The appellants also contend that, under the decision in *Rettire v. North Yakima*, 75 Wash. 143, 134 Pac. 199, to the effect that all that is required of a city is to construct the sidewalk with reasonable reference to the established grade of the roadway, no damages can be recovered in this case in any event. On the other hand, the respondents argue from the same case that their own old sidewalks, though higher, reasonably conform to the official grade of the roadway. That case, however, was decided upon its own facts. No grade had ever been established for the sidewalk area, either with reference to the center line of the roadway or otherwise. The sidewalk there involved was the initial improvement of the sidewalk area. So far as appeared, its level was the only official grade ever established. The sum of that decision is that, in an initial improvement, the laying of a sidewalk ten inches higher than the center of the roadway in a residence district, is not, *per se*, an abuse of the city's acknowledged power to establish original grades for its sidewalks. Here the city had actually established a grade for both roadway and sidewalk by formal ordinances. Both parties were bound to observe that grade and conform to it. A definite grade once established or long recognized by the city in improving the street cannot be changed without pay-

ment of any damages which may result to the owner of abutting property. *Thorberg v. Hoquiam,* 77 Wash. 679, 138 Pac. 304.

The respondents urge that the city, by an order in 1891, raised the grade of Main street from Fourth to Second streets six inches. As pointed out in *Jones v. Gillis,* 75 Wash. 688, 135 Pac. 627, there is no evidence that this order had any reference to the sidewalk area or curb grades, but there is another reason why it could have no such effect. The grades had already been established by formal ordinances. These ordinances could not be repealed or amended by a mere order on motion. McQuillin, Municipal Ordinances, § 210.

The clearly established fact that, in this case, the city, in violation of the provisions of Ordinance No. 17, adopted the property line as the base for the sidewalk grade instead of the curb line sixteen feet from the property line on Main street, and twelve feet from the property line on Third street, thus lowering the established curb line four and three inches respectively, distinguishes this case from that presented in *Jones v. Gillis, supra.* In that case, there was no evidence that the sidewalk grade did not conform to the center line of the street. In fact it is said in that case that the strip of new sidewalk was "about level with the crown of the street."

The respondents are not entitled to recover damages for the destruction of their old sidewalks so far as they do not conform to the official grade. They are, however, entitled to such damages as may result solely from lowering the sidewalks contiguous to their properties below the established grade.

The judgment is affirmed.

CROW, C. J., CHADWICK, MAIN, and PARKER, JJ., concur.