## JACKSON v. PEDDYCOART.

No. 11708—Opinion Filed Feb. 19, 1924.

Rehearing Denied April 1, 1924.

1. **Vendor and Purchaser—Contract for Sale of Land—Breach by Vendee—Right to Recover Consideration Advanced.**

A vendee in an executory contract for the purchase of land, who after payment of part of the consideration under such contract makes default and refuses to carry out the further terms of the agreement, cannot maintain an action to recover the consideration advanced.

2. **Appeal and Error—Insufficiency of Instructions—Prejudicial Error.**

Where the jury received no special instruction on the law applicable to the particular issues involved in the case, the same constitutes prejudicial error.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County: Frank Mathews, Assigned Judge.

Action by R. O. Peddycoart against P. M. Jackson to recover $500 that Peddycoart had paid to Jackson as part payment on the purchase price of a piece of land Judgment for plaintiff, and defendant brings error. Reversed.

The facts will be stated in the opinion and the parties will be referred to as they appear in the court below. The defendant owned a certain tract of land consisting of 150 acres in Carter county, Okla. On the 10th day of January, 1917, the plaintiff entered into a contract with the defendant to purchase said land. It appears that the defendant owned all of said land except one-eleventh interest, and that he was to acquire that interest through the county court of LeFlore county. The plaintiff paid $500 on the purchase price of said land, and was to pay the balance of $1,300 when the title was submitted to plaintiff's attorney and passed on favorably. After defendant had acquired title to all the interest in said land, an abstract was procured and submitted to Thomas Norman, attorney for the plaintiff, to pass on. Said attorney made some suggestions or requirements to be made of a minor nature, and they were complied with, and then Mr. Norman gave his opinion that the title was good. The defendant called

upon the plaintiff for the balance of the consideration and plaintiff was unable to pay the money for the land and asked defendant to give him an opportunity to borrow the money from a bank in Wynnewood, Okla.

The abstract and the opinion of Mr. Norman, plaintiff's attorney, together with a deed, were attached to a draft drawn on Peddycoart, the plaintiff, through the bank at Wynnewood; the bank proposing to make the loan to plaintiff had its attorney to pass on the title and the attorney set out certain requirements and the plaintiff asked the defendant to comply with these requirements; this the defendant refused to do, and refused to go any further with the deal, and elected to cancel said contract, and notified plaintiff to that effect. Plaintiff then came to defendant and told him he would get a loan on said land from a loan company, and that he would be able to purchase the land from said defendant, and submit the title to the loan company to satisfy the loan company as to the title.

The second contract was entered into on the 5th day of August, 1917, wherein it was agreed that said defendant would sell the plaintiff the land, but plaintiff was to pay an additional $100 to procure said defendant to submit it to the loan company and to comply with the requirements of said loan company. The defendant then sent the abstract to the loan company designated by said Peddycoart, but said loan company required a deposit of $25 to pay its attorney for examining said abstract, and notified both the plaintiff and the defendant, and defendant notified the plaintiff that this $25 was demanded by the loan company, and as plaintiff had not paid the $100 additional sum, but said plaintiff refused and failed to pay the loan company to pass on said abstract, and the defendant also refused to pay, claiming that plaintiff should pay it. Some two or three weeks afterwards the defendant requested the loan company to return the abstract to him, and notified the plaintiff by telephone that since he had not complied with his contract that he elected to terminate the second contract. Thereafter plaintiff brought this suit in the district court of Carter county against the defendant for the total sum of $1,700. The case was tried to the court and a jury, and the jury returned a verdict for the sum of $500 in favor of the plaintiff and against the defendant. Motion for new trial was filed and overruled. Time taken to prepare and present case-made, and in due time case-made was settled and signed, and the appeal lodged in this court.

Sigler & Jackson, for plaintiff in error.

Champion, Champion & George, for defendant in error.

Opinion by MAXEY, C. Plaintiff in error has filed seven specifications of error. The first proposition that the plaintiff in error urged is that the court erred in overruling the defendant's motion to strike from the files the plaintiff's amended petition. This proposition is argued somewhat at length in the brief of plaintiff in error. We are of the opinion that the permitting of amendments is within the discretion of the court. Our statute, Comp. Stat. 1921, section 318, provides:

"The court may, before or after judgment in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any respect, or by inserting other allegations material to the . case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment."

This gives the court a very wide range in allowing amendments, and this court is slow to reverse a case on such grounds where the record shows that there was no abuse of discretion, and we do not think it was an abuse of discretion to allow the amendment complained of.

The second proposition argued by counsel for defendant is, that the court erred in overruling the demurrer of the defendant to the testimony, and erred in overruling the request of the defendant for an instructed verdict. We are inclined to the opinion that the court did not have a very clear idea of the issues involved in the case, as will be shown by the remarks of the court in overruling the demurrer to the testimony, wherein the court said:

"It appears to me that this case narrows itself down to the question of whether or not the defendant was able to satisfy the loan company in regard to the title that it could make a loan upon it. It appears to me that the second contract superseded the first contract and it became an option; that the plaintiff had been unable to get sufficient money to pay out the land and he then makes a second contract, and he couldn't have any other object except he was to pay $100 additional, wherein the defendant agreed to satisfy the loan company. That is 'satisfy the loan company' couldn't mean anything else except that he

present to the loan company such an abstract of title that the loan company would accept. I can put no other construction on it. I think that is the only question to go before the jury, and the demurrer will be overruled."

We will notice this a little later on. Assignments numbers three and four are based on the refusal of the court to give certain instructions, and assignment number five is based on the giving of certain instructions by the court, and we will consider them all together. The second instruction requested by defendant is:

"You are instructed that if you find from the evidence that the plaintiff failed and refused to tender the money to the defendant in payment of said land, in that event you will find for the defendant."

We are inclined to think that this instruction should have been given. In the case of Tucker v. Thraves, 50 Okla. 691, 151 Pac. 598, it is held that where a contract for the sale of land provides for the payment of the purchase price upon the approval of the abstract and the execution and delivery of a deed, each party must comply with the contract; and in the case of Kershaw v. Hurtt, 66 Okla. 117, 168 Pac. 202, the court says:

"In case of an executory contract being made for the sale and purchase of lands, the deed to be delivered upon payment of consideration as same becomes due, where the vendee fails to perform his part of the contract, there being no failure, fault, or wrong on the part of the vendor, the vendee cannot recover any money or property advanced under such contract, nor obtain by way of original action, affirmative relief as to the cancellation of mortgage given on other land to secure a part of the consideration."·

And in discussing this question further in the opinion, the court said:

"The law does not permit one to take advantage of his own wrong or default. It is well settled by this court and other courts of the highest standing that the vendee in an executory contract for the purchase of lands, who, after paying part of the consideration under such contract, makes default and refuses to carry out the further terms agreed upon cannot maintain an action to recover any of the consideration advanced. Helm v. Rone, 43 Okla. 137, 141 Pac. 678; Snyder v. Johnson, 44 Okla. 388, 144 Pac. 1035; Hurley v. Anicker, 51 Okla. 97, 151 Pac. 593. From the authorities cited, it is clear that the plaintiff is not entitled to recover the money paid, or to have affirmative relief as to the note and mortgage; unless the defendant's answer may be considered such a rescission

on his part as would entitled the plaintiff to recover."

In the instant case, Jackson sold Peddycoart the land involved, and Peddycoart paid $500 on the purchase price to bind the bargain, and was to pay the balance when the abstract of title was approved. The abstract of title was furnished and approved by plaintiff's attorney, but plaintiff failed to pay the balance of the purchase price, but acknowledged that he could not pay it until he got a loan through the bank at Wynnewood. The defendant drew a draft for the balance, with the deed attached, on the plaintiff through the bank at Wynnewood, and forwarded the abstract, but for some reason, not very clear, the abstract was not satisfactory to the bank and this arrangement fell through. The plaintiff then offered to pay $100 more if the defendant would furnish an abstract satisfactory to a loan company in Oklahoma City. Jackson agreed to this and furnished the abstract to the loan company in Oklahoma City, and the loan company notified both plaintiff and defendant that it would have to have $25 attorney fee for the attorney to examine the abstract. There was some telephone conversation between the plaintiff and defendant about this $25 and they thought they had it arranged with the loan company, as they both agreed to stand good for the $25 and the loan company could take it out of the loan, but, after waiting something like three weeks, the defendant notified the loan company and the plaintiff that he had called the deal off and wanted the abstract returned to him, which was done by the loan company. Sometime after this, Mr. Jackson sold the land to another party and this suit was instituted by the plaintiff to recover back his $500, and the $1,300, the balance due defendant. Under the contract, the plaintiff evidently brought his suit on the theory that he had done all that was required of him to do in carrying out the contract, and the case is defended on the theory that the plaintiff failed to carry out his contract, especially in not paying the additional $100 and by not advancing the money to the loan company to pay for examination of the abstract. So it will be seen that the case turns on the question of whether the plaintiff had complied with his part of the contract, and also whether the defendant had complied with his part of it. It appears to us that the defendant exercised a great deal of patience in waiting from the 1st day of January up to about the 1st day of September, and trying to assist the plaintiff in raising the money so that he might carry out his part

of the contract. We think the defendant complied with his part of the contract, and that the plaintiff failed to comply with his contract, especially in failing to pay the $25 attorney's fee for examining the abstract and by not paying the additional $100; and we think that instructions numbers three, four, and five should have been given. The next assignment, number five, goes to certain instructions given by the court. We think instructions numbers two, three, and four given by the court are erroneous:

"2. The only issue presented to you for your consideration in this case will be whether or not the defendant satisfied the loan company as to the title to the land in controversy, and upon this issue the burden of the proof rests upon the plaintiff."

"3. By the use of the phrase 'satisfy a loan company as to title' as used by parties in their supplemental contract of August 6, 1917, is meant that said defendant agreed to present such an abstract of title to a loan company that said loan company would accept and approve the said title so as to make a loan on said land."

"4. Should you find from a fair preponderance of the evidence in this case that after the execution of said supplemental contract of August 6, 1917, that the defendant without any fault or hindrance on the part of the plaintiff failed or refused to satisfy a loan company as to the title to the land in controversy, so that said loan company, being ready, willing and able to make a loan thereon, could with reasonable safety and security have accepted and approved said title, then you should return your verdict in favor of the plaintiff in the sum of $500 and unless you so find, your verdict should be for the defendant."

Instruction number two limits the only issue for consideration of the jury to whether the defendant satisfied the loan company as to the title of the land in controversy. Counsel for defendant in error admits in his brief that it was error to give these instructions, but contends that they were more favorable to the defendant than they were to the plaintiff. We do not think so. We think the instructions are clearly erroneous, and from what the court said in overruling the demurrer to the evidence, we are forced to conclude that he had a misconception of the issues in the case, and for the errors pointed out, the judgment of the trial court should be reversed and the case remanded for a new trial.

By the Court: It is so ordered.