### CITY OF TULSA v. DICKSON et al.

No. 21204.    Oct. 24, 1933.

Rehearing Denied Nov. 21, 1933.

Eldon J. Dick, John M. Jordan, E. M. Gallaher, and R. P. Colley, for plaintiff in error.

Louis W. Pratt, for defendants in error.

BAYLESS, J. Clay F. Dickson and Blanche Dickson, husband and wife, as plaintiffs, recovered a judgment in the district court of Tulsa County, Okla., against the city of Tulsa, Okla., a municipal corporation as defendant, for damages to their property occasioned by the defendant. The defendant appealed, and the parties will be referred to herein as they appeared in the trial court.

The plaintiffs alleged their real estate had been damaged as the result of the construction of a viaduct along the street upon which their property abutted, and the construction of a fill leading up to the viaduct, in the following particulars: (1) The grade of the street was established several feet above their permanent improvements and property: (2) no retaining walls had been built to retain the dirt used in raising the grade and the dirt (a) was piled upon a portion of their lot; and (b) rains washed quantities of the dirt from the fill onto their lot; (3) their right of ingress and egress had been destroyed; and (4) their natural view had been destroyed. They sought judgment for $3,500 and the jury allowed them $1,750.

The defendant makes numerous assignments of error, but its argument is not divided, and, in fact, is directed almost solely to one question of law. The defendant contends that the rule laid down by

us in City of Yale v. Noble, 113 Okla. 106, 239 P. 463:

"In order to be entitled to recover the plaintiff had the burden of establishing by competent evidence the following facts; First, that the city of Yale, prior to the establishment of the grade complained of herein, had established a grade on said street adjacent to the property of the defendant in error. Second, the improvements were constructed on the property of the defendant in error conforming to the said grade. Third, that thereafter the plaintiff in error, the city of Yale, changed the first established grade. Fourth, that damages resulted therefrom. If the plaintiff failed to establish any one of these facts by competent evidence, then the trial court committed reversible error in overruling the defendant's demurrer to the plaintiff's evidence"

—is controlling here. The plaintiffs contend that the acts of the city as set forth in their petition amounted to a taking of their property for public use, in that it went beyond the mere act of establishing or changing the grade of the particular street. Neither of these contentions is correct upon the record presented to us.

It is certain from the record that no grade for this particular street had been established by the city of Tulsa formally, in the manner provided by law, at the time the plaintiffs purchased their lot. It is also certain that the grade established by the city when it made the fill leading up to the viaduct was the first grade established for this street. This being true, in our opinion, our statement in the case of City of Mangum v. Todd, 42 Okla. 343, 141 P. 266:

"One who buys lots abutting on an unimproved public street in a city of the first class understands and consents in advance, as an element entering into his purchase, that the street will later on have to have its grade determined and established by the municipal authorities; and, although such grade, when so originally established, may result in consequential damages to the owner, they are not recoverable, provided the grade is reasonable and such as might ordinarily have been expected, under the situation presented"

—and reiterated in City of Yale v. Noble, supra, is controlling here. The rule actually applied in the case of City of Yale v. Noble, supra, and contended for by defendant is not applicable here for there had not been previously established a grade on this street, nor did the acts complained of constitute the change of an established grade. Likewise we do not agree with the effort of the plaintiffs to extend the effect of

their proof in this case beyond the rule approved by us in the preceding paragraph and to make the cause of action one of outright negligence or trespass. The protection of the plaintiffs' property rights is ample under the statutes of this state authorizing cities to establish grades in the first instance, or to change established grades, and our decisions construing these rights and statutes. The action of the plaintiffs is governed by these statutes and decisions and it is not necessary to go beyond them for protection. All that the plaintiffs need to show to entitle them to a judgment is: Ownership of the property; the establishment of the street grade in the first instance; that this was done in an unreasonable and unexpected manner in view of the entire situation; that it resulted in damage to them; and proof of the amount of the damage. Then a court and jury, or the court alone, if the case is tried without a jury, can award damages accordingly. This would completely meet and cover the plaintiffs' constitutional rights.

The evidence of the plaintiffs is ample to establish the allegations of their petition and to support the verdict of the jury. The difficulty which we now face is this: The trial court did not instruct the jury with regard to the law applicable to the facts but seems to have treated the acts of the defendant as negligible and actionable. It was the duty of the court to instruct the jury with reference to the right of the city to establish this grade in the first instance, and its liability if it did so in an unreasonable or unexpected manner.

Neither of the parties to the action requested of the court an instruction upon the correct rule of law. We have cases holding that the failure of the appealing party to request correct instructions upon the material issues involved precludes him from complaining of the alleged error of the court in its instructions to the jury upon said issue. Potts v. Zolinger, 79 Okla. 262, 192 P. 1099. On the other hand, we have held that the failure of the court to instruct the jury upon some material issue in the case is fundamental error. Jackson v. Peddycoart, 98 Okla. 198, 224 P. 689; Younger v. Blanchard Hdwe. Co., 120 Okla. 279, 251 P. 56, and McMullen v. Holcombe, 125 Okla. 178, 256 P. 888. There is a distinction between an incorrect instruction and the entire failure to instruct upon an issue.

In addition to the failure of the court to instruct upon this very material rule of

law, the court instructed the jury in instruction No. 2, as follows:

"You are further instructed that under the record and evidence in this case, and the Constitution and laws of this state, the plaintiffs are entitled to recover in this case if you find that their property has been damaged, or a trespass has been committed thereon."

The defendant excepted to the giving of this instruction and assigns the giving of such instruction as error. This instruction is erroneous in that it positively states to the jury that the defendant is liable in the event the jury is able to find that the plaintiffs' property has been damaged by the acts of the defendant. Nothing is said of the defendant's right to do this work, nor of its freedom from liability for consequential damages to the plaintiffs in the event the grade established was reasonable and such as might ordinarily have been expected under the situation presented.

For this reason, the judgment of the trial court is reversed and the cause is remanded.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, and OSBORN, JJ., concur. BUSBY and WELCH, JJ., absent.