## OKLAHOMA CITY
## v.
## DRINKWATER et al.
### No. 35916.

Supreme Court of Oklahoma.

June 8, 1954.

Rehearing Denied June 22, 1954.

A. L. Jeffrey, Municipal Counselor, Oklahoma City, Carter G. Dudley, Asst. Municipal Counselor, Oklahoma City, for plaintiff in error.

Claud Briggs, W. Ryan Russell, Oklahoma City, for defendants in error.

JOHNSON, Vice Chief Justice.

This action though commenced by Oklahoma City for other relief against the defendants Wade Drinkwater and Fay L. Drinkwater was converted into an action wherein defendants as owners of lots fronting and abutting on Classen Boulevard immediately adjacent to its intersection with Western Avenue in Oklahoma City sought to recover damages to their property resulting from an alleged change of grade under the provisions of Title 11 O.S.1951 § 82. The court sustained the defendants' motion for new trial on the ground that the jury's verdict "does not meet the affirmative, considerate approval of the mind and conscience of the court; that it is not responsive to the demands of justice and therefore must be set aside." Also error of law and improper instructions.

Numerous questions are raised by appellant and appellees, but we will confine our discussion to whether the trial court abused its discretion in granting a new trial, and, if not, then other errors complained of may not reoccur on retrial.

In Yarnell v. Kilgore, 15 Okl. 591, 82 P. 990, we said:

"It is the duty of a trial court, where a motion for a new trial contains as one of the grounds therefor that the verdict is not supported by the evidence, to weigh the evidence and to either approve or disapprove the verdict, using its own reason and judgment in determining such matter; and if the verdict is such that its own mind refuses to concur in it after due consideration, and the court honestly believes that the verdict should have been for the adverse party, it should grant a new trial."

And in the recent case of Thompson v. Chamblee, 206 Okl. 602, 245 P.2d 716, we said that a trial court is vested with broad discretion in granting or denying a new trial, and its action in granting a new trial will not be disturbed on appeal unless it clearly appears that the court erred in some pure, simple and unmixed question of law, or that it acted arbitrarily, or capriciously. From a careful examination of the entire record herein we cannot say that the trial court abused its discretion.

 Without further narration or discussion, the action of the trial court in granting a new trial is affirmed.

WELCH, DAVISON, ARNOLD, and BLACKBIRD, JJ., concur.

HALLEY, C. J., and CORN, O'NEAL and WILLIAMS, JJ., dissent.

ARNOLD, Justice. (specially concurring).

Although I concur in the general rule of law announced in the syllabus and in the result reached by the majority opinion, the question raised by Mr. Justice O'NEAL in his dissent should be discussed.

Defendants Drinkwater owned certain property in Belle Isle Addition in Oklahoma City which fronted on Classen Boulevard on which was situated a filling station and garage. The City of Oklahoma City brought this action asking for an order requiring defendants to remove certain appurtenances located in Classen Boulevard belonging to them and used in conjunction with said filling station and garage. Upon hearing the trial court ordered the city to remove at its expense the appurtenances complained of without prejudice to any action by defendants for damages growing out of the construction work then in progress on Classen Boulevard. Thereafter defendants filed their cross-petition seeking consequential damages to their property by reason of the change by the city of the grade of Classen Boulevard. The City denied the allegations of the cross-petition. The cause was tried to a jury resulting in a verdict in favor of the City. Motion for new trial filed by defendants was sustained by the Court on the ground that certain instructions defining the city's liability to a property owner because of change of grade were erroneous, provoking this appeal by the City of Oklahoma City.

The instruction given was to the effect that if, after having once established a grade, a city thereafter changes such grade proximately resulting in damages to real property, then the owner thereof is entitled to such damages as is shown by the evidence to have resulted; but if the city has never before established a grade when it does so establish one and such grade so established is reasonable under all the surrounding circumstances it is not liable for any damages resulting from the establishment of such grade.

The undisputed evidence shows that Belle Isle Addition was platted and the streets therein dedicated in 1907; that on October 22, 1929, the City by ordinance brought such addition into the city limits; that prior to that time streets had been graded, surface paving installed, water, gas, sewer, and other utility and service lines installed; that after taking such addition into the city limits the City maintained both Classen Boulevard and Western Avenue on the grade levels as they existed until in July, 1950, in co-operation with the State Highway Department and according to plans and specifications submitted by it, the City and State Highway Department started construction of a "by-pass" State Highway over Classen to Western Avenue and through Belle Isle Addition; that the City by ordinance changed the grade of Classen and Western to conform to the plans and specifications of the State Highway Department; that by reason of excavation for the underpass called for by these plans the new surface of Classen was placed some 14 feet below the ground level of defendants' property and of the street grade intersections existing since the original surfaces were graded and improved; that defendants' property thereby became inaccessible to approach from Western Avenue and from all through traffic on the by-pass and from all traffic going east on Classen, leaving only a one-way narrow strip of pavement in front of the property involved, which pavement was too narrow to allow trucks or cars to enter the garage situated on the property.

If, as stated in the dissenting opinion and the authorities cited therein, the grade established in 1950 was the first grade established by the city then defendants could under no circumstances recover consequential damages resulting therefrom and a new trial would amount to a waste of time and an abuse of discretion by the trial court.

If, however, the city used the power vested in it to fix grades in an unreasonable, unusual, and unnecessary manner, in a way that reasonable men could not have anticipated at the time of purchase would ever be pursued so that it could not have been assented to by the owner at the time of purchase, City of Mangum v. Todd, 42 Okl. 343, 141 P. 266, L.R.A.1915A, 382 or if the city by its conduct without formal ordinance adopted the grade in existence when Belle Isle Addition was incorporated in the city limits it is bound by such conduct, Thorberg v. City of Hoquiam, 77 Wash. 679, 138 P. 304, and defendants are entitled to recover whatever consequential damages they have suffered by reason of the change of grade.

Under the facts in this case the city recognized the grade in existence at the time it incorporated this addition into the city limits for a period of more than 20 years; it expended public funds for maintenance of the streets on the existing grade, for the upkeep of water, sewer, and other utility lines; it allowed property owners to expend large sums of money for improvements in reliance upon the grades long existing. In my opinion such conduct is tantamount to fixing the grade and it should be bound thereby. So you have in legal effect the fixing of another grade and there was therefore no abuse of discretion in granting a new trial.

O'NEAL, Justice (dissenting).

It will be observed that the majority opinion of the court is based entirely upon its reference to a principle of law announced in Yarnell v. Kilgore, 15 Okl. 591, 82 P. 990, decided by the Supreme Court of the Territory of Oklahoma in 1905. In that case this court said:

"It is the duty of a trial court, where a motion for a new trial contains as one of the grounds therefor that the verdict is not supported by the evidence, to weigh the evidence and to either approve or disapprove the verdict, using its own reason and judgment in determining such matter; and if the verdict is such that its own mind refuses to concur in it, after due consideration, and the court honestly believes that the verdict should have been for the adverse party, it should grant a new trial."

I respectfully submit that the general rule there announced has no application to the record before us. Quite to the contrary, this court has uniformly held that if the trial court errs in some pure, simple, and unmixed question of law that the order setting aside a verdict and granting a new trial cannot be sustained. Reyes v. Goss, 205 Okl. 140, 235 P.2d 950; Thompson v. Chamblee, 206 Okl. 602, 245 P.2d 716.

The majority opinion states that the case in the trial court was one for damages resulting from an alleged change of grade under the provisions of Title 11 O.S.1951 § 82. Neither the pleadings of the parties, the issues joined, or the evidence in support thereof are otherwise referred to.

The record on this appeal presents one question of fact and one of law. The undisputed evidence as disclosed by the record establishes that on January 14, 1907, an addition designated as Belle Isle Addition was platted and a dedication thereof filed as required by law. Thereafter, and on October 22, 1929, The City of Oklahoma City, by Ordinance, brought said addition into the corporate limits of the City. The City never established any grade on Classen Boulevard adjacent to the Drinkwater lots prior to the year 1950. In that year, by Ordinance, the City established a grade and constructed a two-way street on Classen Boulevard.

The proof submitted is without contradiction that the grade established on Classen Boulevard was under the Ordinance of 1950, and that this grade was the first and only grade established by the City of Oklahoma City.

Title 11 O.S.1951 § 82, provides:

"No change of any grade previously established by such city or incorporated town shall be made without making due compensation to the owners of abutting property for any damage thereby caused to the permanent improvements erected thereon with reference to the grade so previously established; pro-

vided, however, that the failure to make such compensation shall in no wise invalidate such assessments on the property chargeable therewith as hereinafter provided."

Before the defendants in the case before us can recover damages for the alleged change of the street grade, they must show that the grade has been changed. City of Yale v. Noble, 113 Okl. 106, 239 P. 463; City of Tulsa v. Dickson, 166 Okl. 205, 26 P.2d 920. In the case at bar the defendants made no effort to show the establishment of any grade by the City of Oklahoma City, prior to 1950.

The majority opinion does not refer to the trial court's instructions, nor does it suggest that the instructions given erroneously stated the applicable law. I find that the court submitted the pivotal question of law in its Instruction No. 6, which reads as follows:

"You are further instructed if you find from the evidence that this is the first establishment of a grade on Classen Boulevard by the Plaintiff, and that the lowering of the grade is reasonable under all the surrounding circumstances, then you must find for the plaintiff, The City of Oklahoma City and return a verdict denying the recovery of damages by the defendants on their cross-petition.

"On the other hand you are instructed that if you find from the evidence that this is a change of grade previously established by the Plaintiff, The City of Oklahoma City, Oklahoma, and that such change of grade was the direct and proximate cause of the damage to the defendant's property herein, if any, then and in that event you should return a verdict in favor of defendants on their cross-petition in such sum as you find by a preponderance of the evidence the said defendants have been damaged."

I respectfully submit that the instruction is in complete accord with Title 11 O.S.1951 § 82, and is supported by our opinions in the City of Yale and City of Tulsa cases, supra.

In my judgment the majority opinion fails to give adequate consideration to the cited statute and to this court's opinions construing the same. For these reasons, I respectfully dissent.

I am authorized to say that Mr. Justice WILLIAMS concurs in the views expressed in this dissent.