**McKONE et ux. v. McCONKEY et al.**

No. 9246—Opinion Filed Nov. 25, 1919.

(Syllabus by the Court.)

**1. Trial—Demurrer to Evidence—Effect.**

A demurrer to the evidence admits the truth of all the evidence adduced, and all the facts which the evidence tends to establish, as well as every fair and reasonable inference to be drawn therefrom.

**2. Contracts—Capacity to Make — Necessaries.**

Under section 888, Rev. Laws 1910, a person entirely without understanding has no power to make a contract of any kind and is only liable for the reasonable value of things furnished to him for his support or the support of his family.

**3. Bills and Notes—Bona Fide Purchaser—Title.**

Under section 4109, c. 49, art. 5, Rev. Laws of 1910, pertaining to negotiable instruments, when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he, or the party under whom he claims, acquired the title as a holder in due course.

Actions by Robert S. McConkey against Roger McKone and wife. and by Leopold Knebel against Roger McKone and wife. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Error from District Court, Kingfisher County; James B. Cullison, Judge.

Albert L. McRill, Charles West, and Bradley & Bradley, for plaintiffs in error.

D. K. Cunningham and P. C. Simons, for defendant in error Robert S. McConkey.

John J. Hildreth, for defendant in error Leopold Knebel.

RAINEY, J.  Robert S. McConkey, as plaintiff, instituted an action in the district court of Kingfisher county against Roger McKone and Isabella A. McKone, his wife, to recover judgment on a promissory note for $3,000 and to foreclose a real estate mortgage given on lands of the defendants at the same time as security for the note. The note and mortgage were executed to Belle H. King and assigned to the plaintiff before the institution of the suit. Thereafter Leopold Knebel, as plaintiff, instituted an action against the same defendants to foreclose a real estate mortgage given to secure two promissory notes aggregating $6,000, said notes being executed at the same time as the note for $3,000. These notes were executed to the Knebel Investment Company and assigned to Knebel. The trial of the first named case resulted in a judgment for the plaintiff, but a new trial was granted on the ground of impossibility of serving case-made. Thereafter, by agreement of the parties, the two actions were consolidated and tried as one case.

The defense that is material to a decision of the case, is that at the time of the execution of the notes and mortgages by the defendants the defendant Roger McKone was of unsound mind and was entirely without understanding, and that his mental incapacity was known to the plaintiffs. The defendants also alleged that they did not have the money received by them from the plaintiffs, and that most of it was used in releasing other liens on the property, and defendants say that plaintiffs were subrogated to the rights of the original lienholders.

From the view we take of the case it is only necessary for us to consider defendants' first assignment of error; which is, that the trial court erred in sustaining plaintiffs' demurrer to defendants' evidence. It is unnecessary to set forth the evidence in full. In part, it shows that on the day or the day after Roger McKone executed the notes and mortgages in this action he was arrested on a charge of insanity. About the time of his arrest he was laboring under a delusion that he was going to be killed and just prior to his arrest he was found in a coal bin. Just a few days before this he was on the streets of Kingfisher exhibiting a lemon insisting that it was a pumpkin such as he was growing on his farm. On the same day he signed the notes and mortgages he threatened to kill his wife if she did not sign them also. Just four days thereafter, on the 9th day of June, he was adjudged insane and sent to an asylum.

Applying to this evidence the rule that all the facts which the evidence in the slightest degree tends to prove and all the inferences which may reasonably and logically be drawn therefrom are admitted by the demurrer, it is obvious that the demurrer should have been overruled, for this evidence clearly shows that at the time of the execution of the notes and mortgages Roger McKone was of unsound mind. It may have been that the trial court entertained the view, as contended, that the plaintiffs were innocent purchasers for value, but if so the court was mistaken in so deciding on a demurrer to the defendants' evidence, for under section 4109, Rev. Laws 1910, when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course.

In support of the trial court's action in sustaining the demurrer, it is urged that, although under section 889, Rev. Laws of 1910, a contract by a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined is subject to rescission, under the second subdivision of section 986, Rev. Laws of 1910, which is applicable to rescission of such contracts, the party rescinding must restore to the other party everything of value which he has received from him under the contract, and in support of this contention Maas v. Dunmyer, 21 Okla. 434, 96 Pac. 591, and Duroderigo v. Culwell, 52 Okla. 6, 152 Pac. 605, are cited.

It is unnecessary for us to determine whether a sufficient offer to restore was made by defendants, for under section 888, Rev. Laws of 1910, a person entirely without understanding has no power to make a contract of any kind and is only liable for the reasonable value of things furnished to him for his support or the support of his family, and we think the defendants' evidence, tested by the favorable inferences to which it is entitled on demurrer, tends to prove that the defendant Roger McKone was entirely without understanding.

It follows that the trial court was in error in sustaining the demurrer, and for this reason the judgment is reversed and the cause remanded for a new trial.

OWEN, C. J., and KANE, PITCHFORD, JOHNSON, HIGGINS and BAILEY, JJ., concur.