**NOBLE, Adm'x. v. CITY OF YALE et al.**

No. 14448—Opinion Filed Feb. 5, 1924.

(Syllabus.)

**Appeal and Error—Absence of Answer Brief —Reversal.**

Where plaintiff in error has prepared, served, and filed brief as required by the rules of this court, and the defendant in error files no answer brief, and no reason is shown why same has not been filed and no order made granting an extension of time therefor, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained. Where, under the circumstances, the brief of plaintiff in error appears to reasonably sustain the assignments of error, this court may reverse the judgment in accordance with the prayer of the petition in error.

Error from District Court, Payne County; Charles B. Wilson, Jr., Assigned Judge.

Action by Mable Noble, administratrix of the estate of Thomas E. Noble, deceased, against the City of Yale et al. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Wilcox & Swank, for plaintiff in error.

L. G. Lewis, City Attorney, for defendants in error.

MASON, J. This cause of action was commenced in the district court of Payne county, Okla., by plaintiff in error, as plaintiff, against the defendants in error, as defendants, to recover from the city of Yale damages as a result of changing the grade of certain streets, which had been previously established adjacent to the plaintiff's property in the city of Yale, said

change in grade being occasioned by the laying of pavement, both in front of and on the north side of plaintiff's premises in said city.

Plaintiff in error's brief in this case was served upon defendants in error October 2, 1923. Thereafter, on November 5, 1923, defendants in error were given 30 days additional time to file their brief, which time expired December 5, 1923. No brief has been filed by defendants in error, nor any reason given for failure so to do.

It is a well-settled rule of this court that it is not required to search the record to find some theory upon which the judgment of the trial court may be sustained.

An examination of plaintiff in error's brief and the authorities cited therein discloses that they reasonably sustain the assignments of error contained in the petition. In these circumstances, where the brief filed by the plaintiff in error reasonably sustains the assignments of error contained in the petition in error, the judgment will be reversed in accordance with the prayer of the petition in error. Duncan Nat. Bank v. First Nat. Bank of Walters, 91 Okla. 124, 217 Pac. 160, and cases cited therein.

From an examination of plaintiff in error's brief, it is concluded that the judgment of the trial court should be reversed, and the cause remanded to the district court of Payne county, with directions to grant a new trial in the action.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and LYDICK, JJ., concur.