### LAKEY, Adm'x, v. NORTH McALESTER COAL CO.

No. 13576—Opinion Filed March 18, 1924.

**1. Negligence—Elements—Failure of Evidence.**

In the trial of a personal injury case there are three elements necessary to be shown by the claimant by his evidence before a recovery may be had: (1) The existence of a duty on the part of defendant to protect the plaintiff from injury: (2) failure of the defendant to perform that duty; (3) injury to plaintiff resulting from such failure; and where the plaintiff wholly fails in his evidence to show any one or more of such necessary elements, it is not error for the trial court to sustain a demurrer to plaintiff's evidence, or direct a verdict for the defendant.

**2. Same.**

In the trial of a personal injury case, proof of injury is not enough, the plaintiff must go further and offer proof of some fact or circumstance from which it might reasonably be inferred that the defendant was in some way to blame for the injury.

**3. Death—Negligence—Failure of Evidence.**

Record examined, and held, that plaintiff wholly and completely failed to show any fact or circumstance from which it might be reasonably inferred that defendant had failed to perform its duty to protect plaintiff's intestate from injury.

**4. Judgment Sustained.**

Record examined, and held, that the judgment of the trial court should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Myrtle L. Lakey, administratrix of the estate of Samuel C. Lakey, deceased, against the North McAlester Coal Company, a corporation, for damages for personal injury. Judgment for defendant sustaining a demurrer to the plaintiff's evidence. Plaintiff appeals. Affirmed.

Moore & Harries and Robinett & Ford, for plaintiff in error.

Allen Wright and James H. Gordon, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error will be referred to as plaintiff, and the defendant in error as defendant, as they appeared in the trial court.

The plaintiff commenced this action in the district court of Pittsburg county on the 18th of July, 1921. She charges in her petition that her intestate was injured in defendant's coal mine on or about the 2nd of October, 1920, by a rock falling on his head and injuring him, and from which injury he died on about the 1st of July, 1921. The negligence charged against the defendant is in effect a charge that the defendant failed to properly inspect the working place of her intestate, who was a coal miner engaged in mining coal at the time of the injury, and negligently permitted her intestate to work in a dangerous place, and negligently failed to provide proper ventilation in the mine. The negligence charged is to the effect that defendant failed to perform its duty toward her intestate as required by article 3, chapter 63, Comp. Stat. 1921. She prays for damages in the sum of $50,000.

The defendant answered by general denial and by a plea of contributory negligence and assumption of risk. The plaintiff filed reply.

The cause was called for trial on the 12th of May, 1922, a jury empaneled, and plaintiff's evidence introduced, and plaintiff rested. Upon the announcement of rest by plaintiff defendant demurred to the evidence, which was sustained, and the jury directed to return a verdict for the defendant; and judgment entered thereon for the defendant. The plaintiff prosecutes appeal and the cause is here regularly for review.

The assignments of error presented are:
(1) The court erred as a matter of law

in sustaining a demurrer to plaintiff's evidence, and directing the jury to return a verdict for the defendant.

(2) The court erred in overruling plaintiff's motion for a new trial.

This court has many times laid down the rule in such cases as here presented, the following: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) failure of the defendant to perform that duty; and (3) injury to plaintiff resulting from such failure. Chicago, R. I. & P. Ry. Co. v. Duran, 38 Okla. 719, 134 Pac. 876; Chicago, R. I. & P. Ry. Co. v. Zirkle, 76 Okla. 298, 185 Pac. 329; Watonga v. Morrison, 78 Okla. 74, 189 Pac. 737.

This court has also laid down the following rule:

"A demurrer to the evidence admits all the facts the evidence in the slightest degree tends to prove and all the inferences and conclusions which may be reasonably and logically drawn from the evidence, and upon a demurrer to the evidence the plaintiff is entitled to every inference which the evidence considered in the light most favorable to him, reasonably tends to prove."

"In an action for injuries caused by negligence, the court should not take the case from the jury except where the facts are such that all reasonable men must draw the same conclusion from them." Felt v. Westlake, 68 Okla. 294, 174 Pac. 1041; J. I. Case Threshing Mach. Co. v. Rennie, 71 Oklahoma, 177 Pac. 548; McKone et ux. v. McConkey et al., 77 Okla. 3, 185 Pac. 520; Etenburn v. Neary, 77 Okla. 69, 186 Pac. 457.

It is also a well-established rule of this jurisdiction that:

"Negligence will not be presumed but must be alleged and proven. The fact that there was an injury is not enough." St. Louis & S. F. R. Co. v. Fick, 47 Okla. 530, 149 Pac. 1126; Chicago, R. I. & P. Ry. Co. v. Tate, 57 Okla. 215, 156 Pac. 1182; Lusk v. White, 58 Okla. 773, 161 Pac. 541.

Also, if there is any competent evidence in the record reasonably tending to support the verdict, the same should not be disturbed on appeal because of insufficiency of the evidence. This rule has been so often repeated that it is unnecessary to cite the authorities from which it is taken. From this rule is readily deducible also the rule that if there is any competent evidence offered by plaintiff which would reasonably tend to support a verdict for plaintiff, a demurrer thereto should not be sustained nor a verdict directed for the defendant.

Bearing these well known rules of law in mind, we shall examine the plaintiff's evidence. The plaintiff's evidence tends to show that on about the 2nd day of October, 1920, plaintiff's intestate was mining coal for defendant; that he was a coal miner of considerable experience, and was digging coal in room four in the defendant's seventh east entry; that in the afternoon of said day he received a slight cut and bruise, described by one of the witnesses as a scratch, on his scalp from a falling piece of soapstone or slate which he picked up and threw into the waste pile, called the "gob"; that he remained in his room until four o'clock, quitting time, when he came out with the other miners; that the day on which he received the injury was Saturday; that he returned on the following Monday and every day during the week following the injury, and mined about the usual amount of coal; that on the day of the injury the mine foreman inspected the room and found it not dangerous and properly propped up to within five or six feet of the face of the coal, leaving room enough for the miner to work; that there was an ample quantity of properly cut props at the miner's hands for his use in propping the roof when additional props were needed; that several days later the miner quit mining and a physician was called in, and later another physician was called in consultation, and then others, until he had been examined, if not treated, by four different physicians; but it was not shown what they treated him for, or found to be his troubles. Later on, it appears, the miner went wrong in the head and was sent to the institution at Vinita for treatment, and there he lingered until about the first of July, 1921, when he died of troubles undisclosed in the record. No showing is made in the record that the condition of plaintiff's intestate arose from the injury received in the mine. No showing is made that plaintiff's intestate died from the effects of the injury received. Not one of the physicians consulted was called as a witness. We have carefully read the entire record of the evidence taken in the trial. There is an absolute failure of any suggestion in the record that the mining statutes were in any way violated by the defendant. The plaintiff affirmatively showed that the mining statutes had been complied with in making inspection and furnishing props. No evidence whatever was offered in support of the allegation of negligence in failing to keep the working place properly ventilated, and that allegation will be held to have been abandoned. We are constrained to think that there was an utter failure on the part of plaintiff to show any fact or circumstance from which negligence upon

the part of the defendant might be inferred even if the death of plaintiff's intestate might be inferred to have been caused by the scratch on the head. In the absence of any affirmative proof, it is not easy to see how it can be inferred that the slight injury received was the proximate cause of the death of this miner. Measured by the rules hereinbefore laid down, we think the plaintiff utterly failed to make a case requiring submission to the jury. We think the plaintiff completely and entirely failed to show any negligence upon the part of the defendant; and just as completely failed to show that the death of her intestate resulted from the slight injury which was sustained by him.

We find no proof of negligence in the record on the part of the defendant; and think it is a reasonable inference that plaintiff's intestate died from other causes than the slight injury received.

We find no error in the ruling of the court in sustaining the demurrer to the plaintiff's evidence, or in directing a verdict for the defendant; and therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.