**ATCHISON, T. & S. F. RY. CO. v. DEMPSEY.**

No. 13396—Opinion Filed Dec. 30, 1924.

**1. Negligence—Failure of Proof.**

Where plaintiff fails to show primary negligence or breach of duty on the part of defendant, the judgment should be for defendant.

**2. Same—Negligence of Master—Failure of Proof—Contributory Negligence Not Involved.**

Where plaintiff's action is predicated solely on alleged negligence of defendant for

failure to furnish a reasonably safe place to work and the proof in this behalf wholly fails, contributory negligence is not involved, since the latter is negligence of plaintiff concurring with negligence of defendant proximately causing the injury, and predicated upon primary negligence of defendant, without which contributory negligence cannot be.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from County Court, Osage County; G. B. Sturgell, Judge.

C. C. Dempsey had judgment against the Atchison, Topeka & Santa Fe Ry. Company for personal injuries. The company appealed. Reversed.

Cottingham, McInnis & Green, F. G. Anderson, and M. M. Gibbens, for plaintiff in error.

D. E. Johnson and C. A. Johnson, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Plaintiff, Dempsey, had judgment in the county court against defendant railway company for $400 for personal injuries. The only assignment necessary to consider is that the court erred in overruling demurrer to evidence of plaintiff and refusing to direct verdict. The argument is made under the proposition that plaintiff failed to establish any primary negligence against the defendant.

Plaintiff alleged that his injuries were proximately caused by the negligence of defendant in failing to exercise ordinary care to provide a reasonably safe place and condition in which to work. The sum and substance of plaintiff's proof was that defendant company undertook to strengthen or make wider a fill on its right of way near Pawnee, Okla., same being 18 feet high, its sides being on a foot and a half slope, being the usual slope for such fills. Defendant had one Brown in charge of the work. A runway was being constructed diagonally down the fill. Plaintiff was holding the handles of the plow, drawn by four horses driven by Brown. As they thus proceeded from the top of said fill on the second round, diagonally down the side thereof, the plowshare struck a concealed stone, causing a lurch by which the handle of the plow struck the wrist of plaintiff, breaking same and causing plaintiff to fall precipitately headlong. It is conceded that neither the company nor plaintiff knew, prior to the accident, the existence of such stone. We assume, without deciding, that plaintiff was an employe of defendant. Plaintiff, Dempsey, gave Brown quittance

and exoneration from any liability for his injuries, so that the negligence of fellow servant is not involved. Brown owned the teams, plow, and other equipment, and there was no negligence claimed or predicated on defective tools and appliances. Plaintiff had had considerable experience at the same kind of work.

It is apparent that plaintiff failed to make out a case of actionable negligence, that is, to establish a duty on the part of defendant to protect plaintiff, or breach of that duty, and injury resulting from such failure. With respect to what duty, or in what manner was the company negligent toward the plaintiff by which his injuries came? Plaintiff testified that he knew the earth which formed the fill where he was working contained stones. If defendant was negligent in not affording plaintiff a safe place to work, it was because the company had not explored the side of this fill and extracted the hidden rocks therefrom before plaintiff began to work. Striking rocks is so common in Oklahoma that a plowman can scarcely say that it is not an incident and one of the dangers and hazards of his employment. Plaintiff had worked on similar fills. His experience was such that it cannot be said he was imposed upon by directing him into a place of danger on this occasion. If defendant could be held liable under these circumstances, every farmer would need indemnity in the employment of a plowman. The collision with the stone was an ordinary hazard which all men may expect who engage in such occupation. There is no evidence tending to show primary negligence or breach of duty on the part of defendant. Chicago, R. I. & P. R. Co. v. Duran, 38 Okla. 719, 134 Pac. 876, and cases therein cited; Lakey v. North McAlester Coal Co., 98 Okla. 130, 224 Pac. 309. As held in the Lakey Case, proof of injury is not enough; the plaintiff must go further and offer proof of some fact or circumstance from which it might be reasonably inferred that defendant was in some way to blame for the injury. A carpenter may strike a nail in such way as to cause same to be deflected into his eye and injure it; the chips of the axman may fly into his eye and injure same. A plowman may strike a hidden rock or concealed stump by which, through the blow of the plowhandle, he may be injured. Each injury results from an accident, a risk that is incident to the employment and is assumed as a matter of law by the employe. Smith v. Acme Milling Co., 34 Okla. 439, 126 Pac. 191.

Plaintiff contends that the cause should

have gone to the jury, under the constitutional provision of this state, on contributory negligence pleaded by defendant. Since contributory negligence is the negligence of the plaintiff, concurring with negligence of the defendant, proximately resulting in the injury, it is evident that there can be no contributory negligence in the absence of primary negligence of defendant on which same may be predicated. If there was any evidence of defendant's negligence in the instant case, then contributory negligence would be involved and be a question for the jury. St. Louis & S. F. R. Co. v. Robinson, 99 Okla. 2, 225 Pac. 986; Chicago, R. I. & P. Ry. Co. v. Barton, 59 Okla. 109, 159 Pac. 250.

Wherefore it is recommended that the judgment of the trial court be reversed.

By the Court: It is so ordered.