**CITY OF YALE v. NOBLE, Adm'x.**

No. 15631—Opinion Filed Sept. 15, 1925.

(Syllabus.)

1. **Appeal and Error—Subsequent Appeals—Law of Case—Right to Present Same Questions Where Reversal Was for Lack of Answer Brief.**

On the second appeal of the same case to this court, the law, as determined and stated by this court upon the legal questions presented on the first appeal, becomes and is the law of the case, and such questions will not be reexamined by this court on the second appeal; but, where the first appeal was reversed and the case remanded for a new trial because of failure of the defendant in error to file briefs as required by the rules of this court, then the parties are not precluded from presenting the same questions on the second appeal as were presented in the brief of plaintiff in error in the first appeal.

2. **Municipal Corporations — Change of Grade of Street—Right of Abutting Owner to Damages.**

Where a city changes a previously established grade of a street, it is liable for consequential damages to the owner of abutting property, where the same has been improved with reference to the previous grade and damage has resulted from such change. But where no grade has been established prior to the erection of such improvements, damages to said property resulting from the subsequent establishment of a grade are not recoverable, provided such grade is reasonable and such as might ordinarily have been expected under the situation presented.

3. **Trial — Demurrer to Evidence — When Sustained.**

A demurrer to the evidence admits all the facts which the evidence reasonably tends to establish and all the inferences and conclusions which may reasonably be drawn therefrom; but, where the evidence introduced is insufficient to sustain a verdict or judgment in favor of the party introducing the evidence, the refusal of the trial court to sustain a demurrer thereto constitutes reversible error.

Error from District Court, Payne County; Chas. C. Smith, Judge.

Action by Mable Noble, administratrix, against the City of Yale, to recover damages. From a judgment for plaintiff, the defendant appeals. Reversed and remanded.

L. G. Lewis for plaintiff in error.

Wilcox & Swank, for defendant in error.

MASON, J. This action was commenced in the district court of Payne county, on the 19th day of November, 1921, by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, to recover damages which were alleged to have resulted from a change of an alleged established grade of streets of said city upon which certain lots of the plaintiff abutted; said alleged change of grade being occasioned by paving the streets on the west and north sides of said lots.

The parties will hereinafter be referred to as they appeared in the trial court.

In addition to other defenses, the defendant denied that there ever had been an establishd grade on said streets prior to the time the grade for said street paving was established in the year 1918.

The case came on for trial, and after the plaintiff had presented her evidence, the demurrer of the defendant thereto was sustained by the trial court and the case was dismissed, from which action the plaintiff duly perfected her appeal to this court and filed her brief herein. No brief was ever filed on behalf of the city, and on the 5th day of February, 1924, this court by opinion, Noble v. City of Yale et al., 101 Okla. 35, 223 Pac. 125, reversed the case and remanded it to the trial court, with directions to grant a new trial.

On May 6, 1924, the case again came on for trial in the district court, and the parties stipulated that the evidence of the former trial might be used by both parties with the same force and effect as a deposition. The parties, however, reserved the right to object to any of the testimony on account of the incompetency, irrelevancy, and immateriality of the same.

At the close of the plaintiff's evidence the defendant again demurred to the evidence, which was overruled by the court, to which the defendant excepted. The defendant then introduced its evidence.

The jury returned the verdict for the plaintiff in the sum of $3,500, upon which judgment was rendered. Defendant's motion for new trial was overruled, and it has duly perfected its appeal to this court.

The only assignment of error presented by the plaintiff in error which we deem necessary to consider is whether or not the trial court erred in refusing to sustain the defendant's demurrer to the plaintiff's evidence.

The defendant in error, however, contends that this question cannot be presented for determination on this appeal, for the reason that the evidence in the second trial is practically identical with that of the first trial, and that the question as to its sufficiency was the question presented by the first appeal. Counsel for defendant in error have devoted their entire brief to the discussion of this question and cite many cases, from this and other courts, an examination on which discloses that they are not applicable to the instant case.

Counsel cite Reed et al. v. Robinson, 92 Okla. 107, 219 Pac. 296, wherein the first paragraph of the syllabus provides:

"Where a case is brought a second time on error to this court, the first decision will be deemed the settled law of the case, and will not be made a subject of re-examination. This rule extends not merely to all questions actually presented by counsel, but to all questions existing in the record, and necessarily involved in the decision."

The cases of Midland Savings & Loan Co. v. Sutton et al., 93 Okla. 230, 220 Pac. 663, is also cited, which provides as follows:

"Upon successive appeals of the same case to this court, the law as determined and stated by this court upon the legal questions presented on each appeal becomes and is the law of the case on those questions in all subsequent proceedings, either in the trial court or in this court, and where the facts are practically without dispute and substantially the same on each successive appeal, this court upon the instant appeal will not re-examine such questions as were formerly determined, but will consider only such questions as were reserved in the former decisions and those which are newly presented."

All the other cases cited by the defendant in error announce substantially the same doctrine.

It is clear that such doctrine does not apply to the instant appeal, inasmuch as no legal questions involved herein were considered in disposing of the first appeal. The judgment of the trial court was not reversed on the legal questions presented, but because of the failure of the then defendant in error to file a brief as required by the rules of this court.

If a litigant who has been successful in the lower court is too careless, negligent, or indifferent to file a brief in support of his judgment, this court should not be required to, and will not search a voluminous record to find some theory upon which such judgment may be sustained. Therefore such cases are reversed and remanded

for a new trial; but by so doing the legal questions involved are not decided.

The contention of the defendant in error herein is without merit, and the cases cited in support thereof are not applicable.

In considering the assignment of error that the trial court erred in overruling the defendant's demurrer to the evidence, we must look to the plaintiff's evidence, keeping in mind the well-established rule of this court that a demurrer to the evidence admits the truth of all the evidence adduced and all the facts which the evidence tends to establish, as well as every fact and reasonable inference to be drawn therefrom. McKone v. McConkey, 77 Okla. 3, 185 Pac. 520; Oklahoma Hospital v. Brown, 87 Okla. 46, 208 Pac. 785.

Under section 4583, C. O. S. 1921, the mayor and council of any city are authorized to establish and change the grade of any street and to permanently improve the same by paving whenever in their judgment the public convenience may require such improvements.

Section 4584, C. O. S. 1921, provides as follows:

"No change of any grade previously established by the city shall be made without making due compensation to the owners of abutting property for any damage thereby caused to the permanent improvements erected thereon with reference to the previously establishd grade."

It will therefore be seen that the city of Yale had authority to establish or change the grade of said streets, but if a grade which had been previously establised on said streets were changed by said city, the plaintiff herein would be entitled to recover compensation for any damages thereby caused to any permanent improvements erected on her property with reference to the previously established grade.

This court in the case of the City of Mangum v. Todd, 42 Okla. 343, 141 Pac. 266, had occasion to consider the question under consideration and the sections of the statutes herein involved, and in the second and third paragraphs of the syllabus held as follows:

"2. Where a city of the first class changes a previously established grade of a street, it is liable for consequential damages to the owner of abutting property, where the lot has been improved with reference to the previously established grade, and the damage has resulted because of the change.

"One who buys lots abutting on an unimproved public street in a city of the first class understands and consents in advance as an element entering into his purchase, that the street will later on have to have its grade determined and established by the municipal authorities; and, although such grade, when so originally established, may result in consequential damages to the owner, they are not recoverable, provided the grade is reasonable and such as might ordinarily have been expected, under the situation presented."

In order to be entitled to recover, the plaintiff had the burden of establishing by competent evidence the following facts:

First. That the city of Yale prior to the establishment of the grade complained of herein had established a grade on said streets adjacent to the property of the defendant in error.

Second. That improvements were constructed on the property of the defendant in error conforming to the said grade.

Third. That thereafter the plaintiff in error, the city of Yale, changed the first established grade.

Fourth. That damages resulted therefrom.

If the plaintiff failed to establish any one of these facts by competent evidence, then the trial court committed reversible error in overruling the defendant's demurrer to the plaintiff's evidence. The plaintiff in error does not seriously contend that the evidence was not sufficient to support the second, third, and fourth requirements, but it is urged that there is no evidence in the record sufficient to support the first finding, that a grade had been previously established on said streets prior to the time the plaintiff erected the improvements thereon, and prior to the establishment of the grade for paving purposes.

The evidence on behalf of the plaintiff discloses that the town of Yale was started in the year 1903, and that the plaintiff and her husband acquired the property referred to herein during the year 1906, and immediately thereafter built a residence thereon. The plaintiff testified that some surveyors came up and drove stakes for them at the time the building was commenced but that she did not know whether or not they were employes of the city. She also testified that during the year 1915 a business building, which was used as a public garage, was erected on said property.

A portion of an ordinance of the town of Yale granting a gas franchise to the Creek County Gas Company was introduced in evidence which provided that the gas mains

were to be placed at least 15 inches below the established grade of the streets of the town. A portion of the minute book, kept by the city clerk of the proceedings of the city council, was admitted in evidence, which showed that a motion had been made and seconded to establish a grade on Main street in said city between Fourth and Fifth streets. Another portion of the minute book was admitted, showing a petition had been presented to the city council requesting that a sidewalk be ordered built on Sixth street; the property herein being on the corner of Fourth and Main. Another witness for the plaintiff testified that during the early history of the town of Yale he was an employe in the bank and that the president of the bank was city treasurer; that the president kept a blue print or profile in the bank which he thought showed grades and elevations of certain streets in Yale. He further testified that it bore no identification marks showing it had been adopted and that he did not know whether it had ever been adopted by the city; that the property herein was located on a small hill or high place in the street which had to be removed when the paving was put in in order to make the street level, and that this left the property of the plaintiff some five or six feet higher than the paved street. The city manager also testified on behalf of the plaintiff that he had made a search of the city's records and that no ordinance or plat had been found which established a grade on the streets immediately in front of the plaintiff's property which had been made prior to the establishment of the grade for the street paving in 1918. Evidence was also offered showing that the streets had been in general use for a number of years, and that slight improvements had been made thereon in a similar manner as made on other streets of the town.

The plaintiff offered no other evidence relative to the establishment of a grade prior to the establishment of the grade for paving purposes in 1918.

There is nothing in this evidence to establish the fact that the alleged first grade had ever been established, and there certainly is no evidence whatever as to what such grade was, and as to whether there was any difference between it and the subsequent grade established for paving purposes. We therefore must conclude that the trial court erred in not sustaining the defendant's demurrer to the plaintiff's evidence.

The judgment is therefore reversed and the case remanded to the district court of Payne county for further proceedings not inconsistent with the views herein expressed.

NICHOLSON, C. J., and BRANSON, HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.