### PENIX v. CITY OF STILLWATER.

No. 20631.   Opinion Filed May 31, 1933.

Thos. A. Higgins, for plaintiff in error.

J. W. Reece, City Atty., for defendant in error.

OSBORN, J. This action was instituted in the district court of Payne county by C. L. Penix against the city of Stillwater, a municipal corporation. Plaintiff sues for damages in the sum of $2,500, alleging that the city changed the grade in front of his property by lowering the same about five feet, thereby rendering ingress and egress impossible. Defendant entered a general denial and pleaded an estoppel on the part of plaintiff for the reason that he joined with other property owners and filed a petition requesting the city to pave the street in question, which resulted in the damage complained of.

At the trial of the cause a demurrer to the evidence of plaintiff was sustained and the cause dismissed, from which ruling plaintiff has appealed.

Plaintiff alleged that he is the owner of certain lots which front on Washington street in the city of Stillwater, upon which he constructed a house which he uses as his home. He further alleged that the grade of said street had been fixed by the city, and, to support said contention, he testified that at the time he bought the property certain stakes were set out indicating the sidewalk location; that, in ascertaining the grade for the sidewalk, he called the mayor of the city and had him view the property and was informed by the mayor that the sidewalk grade had been established, and he was instructed by the

mayor to lay the sidewalk according to the grade stakes; that he later had the assistant city engineer to re-establish the sidewalk grade, and that he laid the sidewalk according to the directions so received. Plaintiff further testified that he was informed by Mr. Whittenberg, another city engineer, that the grade of the street should be with reference to the top of the manholes as they were at that time, which manholes were considerably higher than the pavement grade, of which he complains. Plaintiff further contends that the grade is established by the grades at the street intersections at the corners of the block in which his property is located.

The rights of the parties herein are determined by the rule heretofore announced by this court in the case of City of Yale v. Noble, 113 Okla. 106, 239 P. 463, wherein it is said:

"Where a city changes a previously established grade of a street, it is liable for consequential damages to the owner of abutting property, where the same has been improved with reference to the previous grade and damage has resulted from such change. But where no grade had been established prior to the erection of such improvements, damages to said property resulting from the subsequent establishment of a grade are not recoverable, provided such grade is reasonable and such as might have ordinarily been expected under the situation presented."

See, also, City of Mangum v. Todd, 42 Okla. 343, 141 P. 266; Adams v. Oklahoma City, 20 Okla. 519, 95 P. 975.

Upon the basis of the above decisions the trial court found, in effect, that the evidence offered by plaintiff was insufficient to establish the fact that the grade was established by the city prior to the time plaintiff's damages were incurred by lowering the grade. Sections 1 and 2, ch. 173, Session Laws 1923 ['O. S. 1931, secs. 6212-6248], page 278, provide:

"Section 1. Any city or incorporated town in the state of Oklahoma is hereby empowered to establish and change the grade of any street, avenue, lane, alley or other place, and to permanently improve the same by grading, paving, constructing, macadamizing, chatting or graveling, curbing, guttering, draining and otherwise improving the same, including the installation of the necessary manholes, catch basins, inlets and drainage pipes, sewers, with necessary connections thereto for the purpose of providing for the adequate disposition of surface water falling on such improvements or carried thereon, and to make all necessary water, gas and sewer connections whenever the public necessity may require such improvements, subject only to the limitations prescribed in this act.

"Section 2. No change of any grade previously established by such city or incorporated town shall be made without making due compensation to the owners of abutting property for any damage thereby caused to the permanent improvements erected thereon with reference to the grade so previously established; provided, however, that the failure to make such compensation shall in no wise invalidate such assessments on the property chargeable therewith as hereinafter provided."

It will be observed that the power to establish a grade is vested in the governing body of the city. It is, therefore, incumbent upon plaintiff to show the establishment of such grade by the governing body of the city, and also to show that said grade had been established in the manner provided by law prior to the accrual of his damage. A mere verbal statement by a city officer or employee is wholly insufficient to show the establishment of a grade. It must be shown that the governing board acted officially in the matter as a board, and that their action was duly recorded in the manner provided by law in the journal of the city, kept for such purpose. Section 4523, C. O. S. 1921. The record does not show that any official action was ever taken by the governing body with reference to the establishment of the grade.

A great deal of the testimony offered by plaintiff deals with the establishment of the sidewalk grades. In the case of City of Earlington v. Newton, 215 Ky. 455, 285 S. W. 196, it is said: .

"Nor do we think that the fact that some of appellee's neighbors built their sidewalks on a grade fixed by the 'city engineer', as they say, adds any strength to appellee's case, even if we concede that the mining company's engineer was the city engineer, for the grade of a sidewalk does not necessarily have to coincide with the grade of the roadway of the street. In most cases, the grades are on different levels, and many times there is a big difference between the two levels. Therefore, even if we concede that the city had fixed the grade for the sidewalk, it does not follow that it therefore fixed' the grade for the roadway of the street."

It is apparent that this line of testimony is not of any material benefit herein.

In the case of the City of Mangum v. Todd, supra, it is said:

"One who buys lots abutting on an unimproved public street in a city of the first class understands and consents in advance, as an element entering into his purchase, that the street will later on have its grade determined and established by the municipal authorities; and, although such grade, when so originally established, may result in consequential damages to the owner, they are not recoverable, provided the grade is reasonable and such as might ordinarily have been expected, under the situation presented."

Plaintiff contends to the effect that the lowering of the grade to the extent of five feet in front of his property is unreasonable, and would not ordinarily have been expected by him at the time he purchased the property, constructed his house, and built his sidewalk. The trial court made no findings of fact herein, but, having found generally against plaintiff on demurrer to his evidence, we must assume that the trial court made such findings of fact as are sufficient to sustain the judgment. The record does not show the topography of the surrounding premises, nor have we discovered any facts which would warrant a conclusion that such action of the court is erroneous.

There is no showing that the grade of Washington street had ever been officially determined prior to the accrual of plaintiff's damage, and under the record we are unable to say that the grade which was established is unreasonable, or that the defendant was guilty of negligence.

Having taken this view of the matter, it is unnecessary to pass upon the other issues.

The judgment of the trial court is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, BAYLESS, and BUSBY, JJ., concur. CULLISON, V. C. J., and WELCH, J., dissent. ANDREWS, J., absent.