EVANS v. ST. LOUIS–SAN FRANCISCO RY. CO.

No. 35377.

Supreme Court of Oklahoma.

June 16, 1953.

Rehearing Denied July 7, 1953.

934

F. R. James, Stroud, P. D. Erwin, Chandler, for plaintiff in error.

E. G. Nahler, St. Louis, Mo., Satterfield, Franklin & Harmon, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

Parties are referred to herein as in the trial court.

This action grew out of an accident which happened on the outskirts of Stroud, Oklahoma, at a point where defendant corporation's railroad crosses highway number 99.

On the day of the accident, plaintiff, with the help of an assistant, was trying to start the motor of a truck he had recently bought. They succeeded in getting it started, then left it at a filling station while they drank coffee. They then went back to the station and his assistant got into the truck and started south on highway 99, the owner (plaintiff) following in his car. The truck "never got up much speed", and as its front wheels crossed the railroad track, the motor died, and the truck came to a full stop with the rear wheels in the center of the railroad track, the attached trailer extending north, and the front of the truck south, of the railroad track. Very shortly thereafter, and while the driver was trying to start the motor again, the warning bells began to ring, and both the driver and the owner saw a train of defendant corporation approaching from the west. They got out of their respective vehicles and the owner ran west up the railroad right of way, trying to flag the train down. The driver stayed in the vicinity of the truck and waved from there, but the train did not stop, and the truck and trailer were severely damaged. There was undisputed testimony that the train whistle sounded.

The answer of defendant included the defense of contributory negligence.

In the lower court, defendant's demurrer to the evidence was sustained, and plaintiff has duly appealed.

The question for our determination, then, is whether considered in the light most favorable to plaintiff, the evidence, with every inference reasonably deducible therefrom, established a cause of action in behalf of plaintiff and against defendant. Herrian, Adm'r v. Union Equity Co-operative Exchange, 172 Okl. 393, 45 P.2d 151.

Plaintiff, in his brief, urges error of the trial court under three propositions. They will be considered in the order in which made, and in the light of the essential elements of actionable negligence, which are listed as follows in Chicago, R. I. & P. Ry. Co. v. Duran, 38 Okl. 719, 134 P. 876; (1) the existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) failure of the defendant to perform that duty; and (3) injury to the plaintiff resulting from such failure.

The first proposition is "that the law of this State imposes the duty upon Defendant Railroad Company to maintain a proper lookout for obstructions that might be on the railroad tracks". The only testimony on this point is that the witness saw the fireman of the locomotive put his head out of the window, look, then turn and say something to the engineer; that this happened when the train was about 100 yards from the crossing. Needless to say, such testimony is an insufficient basis for a finding of negligence in not maintaining a proper lookout. It does not negative the possibilities that the fireman could have looked out before, that the engineer might have been looking out all the time, or that it was not necessary to put the head out of the window of the locomotive in order to maintain a proper lookout. Proof, then, of essential element number 2 of actionable negligence, heretofore listed, with regard to defendant maintaining a proper lookout, is missing.

The second proposition is that there was a showing of negligence in approaching the crossing at an excessive speed. The only testimony in the record that actually named a rate of speed in miles per hour was that of the plaintiff, who testified on direct examination that the speed of the approaching train was "fifty miles per hour or better". On cross-examination, when asked if he had so testified, he answered "Well, I can't tell you how fast the train was running; nobody can when it's a half a mile away". Plaintiff's assistant testified "No, I don't know how fast it was traveling; it was traveling, it looked like, about a normal rate of speed * * *". The only

other witness to the accident who testified, said that she could not estimate the rate of speed of the train. Under such circumstances, any jury finding of negligence because of excessive speed would have been based on conjecture and speculation, and not justified by the evidence. Once again, proof of essential element number 2 of actional negligence, with regard to defendant's train approaching the crossing at excessive speed, is missing.

Plaintiff's last proposition is that the court erred in withdrawing from the jury the question of contributory negligence on the part of plaintiff. In support thereof, he cites Section 6, Article 23, of the Constitution of Oklahoma, which provides, among other things, that the defense of contributory negligence shall at all times be a jury question.

This argument is not applicable in the case at bar. The existence of contributory negligence on the part of plaintiff presupposes the existence of primary negligence on the part of defendant. See Atchison, T. & S. F. Ry. Co. v. Dempsey, 105 Okl. 221, 232 P. 375, wherein this court said:

"Where plaintiff's action is predicated solely on alleged negligence of defendant for failure to furnish a reasonably safe place to work, and the proof in this behalf wholly fails, contributory negligence is not involved, since the latter is negligence of plaintiff concurring with negligence of defendant proximately causing the injury, and predicated upon primary negligence of defendant, without which contributory negligence cannot be."

See also Oklahoma Union R. Co. v. Houk, 109 Okl. 187, 235 P. 499.

Since the evidence herein does not show primary negligence on the part of defendant, there can be no contributory negligence by plaintiff.

We hold that the evidence of plaintiff with all inferences reasonably deducible therefrom, considered in the light most favorable to him, fails to show primary negligence on the part of defendant. Under

such circumstances, the following rule of law applies:

"Where plaintiff fails to show primary negligence or breach of duty on the part of defendant, the judgment should be for defendant."

The above quotation is from Atchison, T. & S. F. Ry. Co. v. Dempsey, supra, wherein a judgment for plaintiff was reversed for error of the trial court in overruling defendant's demurrer to the evidence.

The judgment of the trial court is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON and O'NEAL, JJ., concur.