## SCHAFF, Rec., v. EDWARDS.

No. 14669—Opinion Filed April 14, 1925.

Rehearing Denied June 30, 1925.

### 1. Negligence — Personal Injury—Lack of Causal Connection.

A demurrer to plaintiff's evidence in a personal injury action ought to be sustained, unless it is reasonably apparent that the injury suffered by the plaintiff is the causal effect from some wrongful act of the defendant, in violation of a legal duty owing to the plaintiff.

### 2. Same — Reversal of Judgment.

Record examined; held, that the overruling of the defendant's demurrer to the plaintiff's evidence was reversible error.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Washington County; H. C. Farrell, Judge.

Action for damages by K. L. Edwards against Chas. E. Schaff. as receiver of the M., K. & T. Ry. Company for personal injuries suffered by the plaintiff. Judgment for plaintiff. Defendant brings error Reversed and remanded.

M. D. Green and H. L. Smith, for plaintiff in error.

H. H. Montgomery and S. J. Montgomery, for defendant in error.

Opinion by STEPHENSON, C. Plaintiff commenced his action against the receiver of of the M., K. & T. Ry. Company for damages on account of a personal injury suffered by the plaintiff. The injury resulted from a collision between the plaintiff's automobile and a railway car standing near the public highway railway crossing at the town of Dewey, Okla. The trial of the cause resulted in judgment for the plaintiff. The defendant has appealed the cause, and assigns several of the proceedings had in the trial of the cause as error for reversal.

The defendant predicates error on the ac-

tion of the court in overruling demurrer to the plaintiff's evidence.

The public highway has a cement driveway 18 feet in width on either side of the railway track. The railway crossing is made of plank and extended with chats at both ends, so that its length is about 25 or 30 feet. The highway parallels the railway approaching from the south to a point several feet south of the railway crossing, where the road sharply curves to the northwest. The highway crosses the railroad obliquely in a northwesterly direction to point several feet north of the crossing, where the highway again parallels the railroad.

The plaintiff was traveling with two male companions in his Buick roadster en route to his home in Independence, Kan., when the collision occurred at about 12:30 a. m. on September 14th. The plaintiff testified that he was at the wheel, driving about 35 miles per hour, when he observed that the wheels on the east side of the car had left the paving, on the east side of the pavement. The car suddenly crashed into some unseen object and threw the plaintiff and his companions from the automobile. The plaintiff was sitting on the edge of the pavement when he regained consciousness some few minutes later. He received a head wound which destroyed one of his eyes and he was otherwise painfully injured. The plaintiff soon hailed a passing motorist, who went to the town of Dewey a short distance away to secure aid for the injured parties. A policeman and other citizens of the town responded to the call and went to the place of the accident, where they found one of the plaintiff's companions dead, and the other one severely injured. The policeman, as a witness for plaintiff, testified that the automobile struck the southwest corner of a coal car which was standing near the road crossing; that the automobile was considerably wrecked and headed in the direction from which it was traveling at the time of the collision; that he found a partially filled pint bottle of corn whisky by the running board of the automobile, and an empty bottle near by. The witness stated that the paved part of the highway was 18 feet in width; that the beaten way of travel including the pavement was from 30 to 35 feet wide, where the highway crossed the side track; that the south end of the coal car was standing from 25 to 28 feet from the center line of the traveled way. The evidence of the plaintiff's witness placed the south end of the car 16 feet distant from the east side of the 18 foot concrete driveway, and 10 feet from

the east side of the 35 foot beaten way of travel over the crossing. The witness stated that after examining the ground where the collision occurred, he went south along the highway to the point where the automobile left the pavement on the east side of the highway; that the car ran off the pavement about 40 feet south of where the accident occurred and traveled north instead of following the curve of the highway to the west; that the right rear wheel of the car passed over a slight drain about 25 feet south of the place where the collision occurred; and that the right rear wheel was crushed and the spokes of the wheel were scattered from the drain to a point near where the coal car was standing.

The plaintiff charges that his injury was the result of the negligence of the defendant in placing and leaving the coal car where it stood at the time of the collision. The record shows that the cause of the collision was the inability or failure of the plaintiff to guide his automobile along the beaten way of travel ordinarily pursued by persons using the highway.

It would serve no useful purpose in the consideration of this appeal to surmise the causes which led plaintiff to travel straight ahead to the north, from the point where the public highway curved in a northwesterly direction. The defendant could not anticipate that the plaintiff would quit the paved road, and beaten way of travel, for the course he traveled. The defendant had the right to believe that a single autoist would find the 18 foot paved road sufficient width to accommodate him as a way for travel.

The burden was on the plaintiff to show that the act of the defendant in leaving the coal car at the place where it stood, was the reasonable and probable cause of the collision; that the result was such that a reasonable and prudent man might have anticipated the consequences. The burden rested on the plaintiff to show that his injury was the causal effect of some act of the defendant, which the latter could have foreseen by the exercise of ordinary prudence and care for the safety of those who traveled over the highway. The plaintiff failed to prove actionable negligence on the part of the defendant according to the foregoing rules, so the court should have sustained the demurrer to the plaintiff's evidence. Hepner v. Quapaw Gas Co., 92 Okla. 9, 217 Pac. 438; Eberhardt v. Glascow Mut. Tel. Co. Association (Kan.) 139 Pac. 416; Matson v. Pierce County (Wash.) 161 Pac. 846; Hunt v. So. Ry. Co., 236 Fed. 157; C., R. I. & P.

Ry. Co. v. McIntire, 29 Okla. 797, 119 Pac. 1008; Texas Co. v. Collins, 42 Okla. 374, 141 Pac. 783; Clinton & O. W. R. Co. v. Dunlap, 56 Okla. 755, 156 Pac. 654; Sulzberger & Sons v. Strickland, 60 Okla. 158, 159 Pac. 833.

It is recommended that the judgment be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See 29 Cyc. p. 627 (1926 Anno).