## PATRICK v. OKLAHOMA CITY et al.

No. 22854. Jan. 22, 1935.

Rehearing Denied Feb. 12, 1935.

546

W. H. Woods, for plaintiff in error.

Harlan T. Deupree, Municipal Counselor, for defendant in error Oklahoma City.

Rittenhouse, Lee, Webster & Rittenhouse, for defendant in error Green Construction Company.

PER CURIAM. Amanda Patrick brought this action in the district court of Oklahoma county, against the city of Oklahoma City and the Green Construction Company, to recover for damages alleged to have been sustained by her because of the negligence of the defendants.

She alleges, in substance, that the Green Construction Company, with the knowledge and consent of the city of Oklahoma City, had placed large sewer pipe joints across the sidewalk running along the east side of Kelly avenue and immediately south of the intersection of said sidewalk with the sidewalk running along the north side of Tenth street, making it impossible for any one to use the sidewalk at that place and forcing them to go across the parkway and around the joints of sewer pipe. That in the parkway there was a hole connected with the sewer, which it was the duty of the city to keep properly covered for the protection of the traveling public. That on the day of the accident, she had come from her home along the sidewalk on the north side of Tenth street to the point where the sidewalk along the east side of Kelly avenue

intersected. That she then wished to turn south onto that sidewalk, but was prevented from doing so by the joints of sewer pipe lying upon this walk, and that in order to get around this obstruction, she stepped from the sidewalk and into the parkway, crossed this to the curbing, and stepped upon the metal lid or covering of the sewer hole or storm sewer, which lid she alleges was loose and in a dangerous condition; that it gave way and caused the plaintiff to fall, from which fall she received the injuries complained of. These, in brief, are the allegations contained in the plaintiff's petition.

At the close of the plaintiff's evidence, the defendants and each of them demurred to the evidence so offered, which demurrers were sustained by the court and the case dismissed. After motion for new trial was overruled, the case was appealed to this court.

1. At the outset of this case, we are presented with a motion on the part of the city of Oklahoma City to dismiss the appeal in this cause for the reason that no judgment of the trial court was shown in the case-made. Plaintiff in error secured an order of this court pursuant to section 535, O. S. 1931, to withdraw the case-made and record for correction. When the case-made was returned to this court, it showed a journal entry of judgment which appeared to have been filed in the court clerk's office March 20, 1933, the appeal herein having been filed September 21, 1931. The defendant city of Oklahoma City contends that our statutes do not permit any amendment to show matters which were not of record in the trial court at the time the appeal was filed. This question was decided by this court in the case of Cope v. Dancy, Sheriff, 99 Okla. 43, 222 P. 987, in which case it appeared that the matter inserted in the case-made after it had been withdrawn for correction was not in fact of record at the time the appeal was filed, nor at the time the record was withdrawn for correction. It was therein held that the application to correct the case-made having been granted, and the corrections having been made, there was a substantial compliance with the statute and the motion to dismiss the appeal should be overruled. That case is controlling here, and the motion of the defendant city of Oklahoma City to dismiss this appeal is denied.

2. The plaintiff presents and argues as error the ruling of the trial court in refusing to permit the witness Dr. Brooks to testify as a medical expert. It appears

that Dr. Brooks is a licensed chiropractor, and the trial court refused his testimony upon the grounds that a chiropractor was not qualified as an expert to give opinion evidence pertaining to physical injuries.

This court, in the case of Oklahoma Natural Gas Corporation v. Schwartz, 146 Okla. 250, 293 P. 1087, held that a person who was neither a physician nor surgeon, but who was a graduate chiropractor and licensed to practice in this state, might testify as to injuries of the vertebrae, the possible cause of such injuries and their probable duration. The trial court, however, sustained the demurrers upon the theory that the plaintiff had not established any negligence upon the part of the defendants, and unless such ruling was error, then the refusal to permit Dr. Brooks to testify would be harmless error, as his testimony pertained to the nature and probable duration of the injuries sustained.

Section 252, O. S. 1931, provides:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reserved (sic) or affected by reason of such error or defect."

3. The only evidence in the record as to the way in which the accident happened is that of the plaintiff herself. She testified that when she went to go down the sidewalk on the east side of Kelly avenue, she found the sidewalk blocked with the sections of sewer pipe placed there by the defendant Green Construction Company, with the consent and acquiescence of the defendant city of Oklahoma City. That in order to pass, she went around the end of the pipe, passing out onto the parkway at that place, crossing it to the curb, where she went to step into the street. At that point there was a storm sewer opening covered by an iron covering. On direct examination, she testified:

"Q. Tell the court and jury what happened when you stepped on this manhole there? A. Then I stepped on it with my left foot, this heel right on the edge, it tripped and I caught myself with my right foot and that lid kept tripping and I stood there as long as I could and then fell back, as it throwed me, and I hit the tiling with my arm and came down and struck my knee on the curbing."

The mere happening of an accident is no evidence of any negligence on the part of the defendants. Lakey v. North McAlester Coal Co., 98 Okla. 130, 224 P. 309, and cases therein cited.

The burden rests on the plaintiff to prove the negligence of the defendants, and that such negligence was the proximate cause of the injury. The record is silent as to any defect in the parkway, or in the covering to the storm sewer opening. There is no effort on the part of the plaintiff to show that there was any defect in the storm sewer covering, or that if there was such defect, it was known to the city, or defendant construction company, or had existed for such a length of time that the city should have known of it. Hence, any charge on the part of the plaintiff that her injury was caused by any negligence in the construction or maintenance of the parkway or sewer covering is not supported by any testimony. If the plaintiff seeks to charge the defendants for her injury by reason of their alleged negligence in the blocking of the sidewalk, which caused her to cross this parkway and pass over the sewer covering, she must establish that the negligence in so obstructing the sidewalk was the proximate cause of her injury.

In Schaff v. Edwards, 111 Okla. 13, 237 P. 620, this court said:

"The burden was on the plaintiff to show that the act of the defendant in leaving the coal car at the place where it stood was the reasonable and probable cause of the collision; that the result was such that a reasonable and prudent man might have anticipated the consequences. The burden rested on the plaintiff to show that his injury was the causal effect of some act of the defendant which the latter could have foreseen by the exercise of ordinary prudence and care for the safety of those who traveled over the highway."

In C., R. I. & P. Ry. Co. v. Wainscott, 103 Okla. 187, 229 P. 808, this court said:

" 'To constitute actionable negligence, where the wrong was not willful or intentional, three essential elements are necessary: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) failure of the defendant to perform that duty; and (3) injury to the plaintiff proximately resulting from such negligence to perform that duty.' "

It cannot be said that the injuries here sustained in falling on the parkway, where no showing is made of any defect in the parkway or sewer covering, were the proximate result of the defendants' acts in blocking the sidewalk. The accident occurred in broad daylight, and the plaintiff could have avoided even stepping into the parkway,

had she gone a few feet to one side and followed the walk on the north side of Tenth street to Kelly avenue.

This case is easily distinguishable from such cases as Larsen v. City of Sedro-Woolley (Wash.) 94 P. 938, cited by plaintiff. In that case, the plaintiff, by reason of obstructions on the walk, had been forced to walk off the sidewalk and along the parkway between piles of lumber, and fell over a piece of lumber extending from one of the piles into the path she was forced to follow. In such case, the path she was forced to follow was obstructed and rendered dangerous by the acts of the defendants.

In Patterson v. Seals, 51 Okla. 347, 151 P. 591, this court said:

"In an action for damages for negligence, if the evidence fails to show causal connection between the negligence averred and the damages suffered, the court, upon proper request, should direct a verdict for the defendant."

See, also, Chickasha Milling Co. v. Plowman, 94 Okla. 170, 221 P. 476; Schaff v. Edwards, 111 Okla. 13, 237 P. 620.

Under the rules laid down in these cases as applied to the facts shown by this record, the trial court properly sustained the demurrers of the defendants.

The plaintiff urges that in all cases the question of the negligence of the defendants and of the contributory negligence of the plaintiff should be submitted to the jury. The cases above cited dispose of the first point, and there can be no question of contributory negligence unless primary negligence on the part of the defendants is first established. Phillips v. Classen, 93 Okla. 82, 219 P. 708.

The action of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Ezra Dyer, W. G. Davisson, and Earl Q. Gray in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Dyer and approved by Mr. Davisson and Mr. Gray, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.