Argued December 12, 1944; affirmed January 16, 1945

# LE BARRE v. PACIFIC PAPER MATERIALS CO., Inc., et al.

(154 P. (2d) 985)

Before BAILEY, Chief Justice, and ROSSMAN, KELLY, LUSK and HAY, Associate Justices.

*Arthur I. Moulton,* of Portland (Sewall & Sewall and Moulton & Davis, all of Portland, on the brief), for appellant.

*John F. Reilly,* of Portland (Reilly & Davidson and Stephen E. Parker, all of Portland, on the brief), for respondent.

KELLY, J.

Action for damages sustained by plaintiff when struck by an auto truck operated by defendant Schneider, who had driven his truck upon the scales of defendant Pacific Paper Materials Company, Inc., in order to ascertain the gross weight of said truck and its cargo consisting of paper to be sold and delivered by defendant Schneider to defendant Pacific Paper Materials Company, Inc. When process of weighing was completed, defendant Schneider backed his truck, the rear end of which protruded out of the weighing stall over the sidewalk about two feet, and in so backing said truck, struck plaintiff causing a fracture of plaintiff's right leg. From a judgment of dismissal as to defendant Pacific Paper Materials Company, Inc., notwithstanding the verdict, plaintiff appeals.

KELLY, J.

The basis for the recovery sought by plaintiff is the accidental striking of plaintiff by the auto truck of defendant Schneider. The facts, as disclosed by the record, are that at the time of the accident to plaintiff, defendant, Pacific Paper Materials Company, Inc., owned and operated premises located on the Southeast corner of Northwest 15th and Pettygrove Streets in Portland, Oregon, and was engaged in purchasing scrap paper, etc. Said defendant's place of business

faced and abutted Northwest Pettygrove Street. The west end of the building occupied by said defendant was at the corner of Northwest Pettygrove and Northwest 15th Avenue and there said defendant had its office. Scales for weighing the paper brought for sale and the vehicles in which it was so brought were located easterly of the office in a stall nine feet wide. Easterly of that stall were three other stalls wherein the paper purchased was unloaded. The purveyors of the paper would drive their trucks into the first named stall on to the platform of the scales. The paper company's weighmaster would take the gross weight of the vehicle and its load whereupon the seller would back his truck out of the stall and back it into one of the other three stalls for the purpose of unloading after which he would again drive his truck into the first mentioned stall where the unloaded truck would be weighed. On the 25th of March, 1943, defendant Schneider drove his truck loaded with paper upon the paper company's scales. The length of Schneider's truck is twenty-one feet and three inches. When it had been driven upon the weighing platform, the rear end of the truck protruded over the pedestrians' line of traffic on the street approximately two feet. After the weight of the truck and its load had been ascertained, defendant Schneider backed his truck a foot or two thereby striking plaintiff, who was in the act of passing behind it. Plaintiff, a man over seventy years of age, had theretofore suffered an accident which caused him to walk in a stooping posture using a cane three feet long in each hand. During the course of the trial, it was stipulated that as plaintiff so walked the highest portion of his body would be about four and a half feet above the pavement.

It will be noted that the accident occurred upon the street in that portion thereof where the sidewalk would have been if a driveway thereon had not been made to afford access to the paper company's place of business.

Error is assigned by reason of the action of the trial court in sustaining the motion of defendant Pacific Paper Materials Company, Inc., to set aside the verdict of the jury, in setting said verdict aside and in rendering the judgment for said last named defendant against plaintiff notwithstanding the verdict of the jury.

In support of this assignment of error, two legal propositions are presented by plaintiff.

The first of these propositions is stated thus:

"Where any work or operation is being carried on and, either by reason of the manner in which it is carried on, it necessarily involves the hazard and danger of injury to third persons, the owner or original contractor who causes or requires it to be done is liable to third persons injured in the course of it, notwithstanding those employed by him to do it are independent contractors, lessees, or others to whom he does not bear the relation of master and servant, or principal and agent."

The second proposition is as follows:

"Where crossing is made over a public way under peculiar circumstances rendering the crossing hazardous to persons lawfully using the way, it is the duty of those making such crossing to take all reasonable precautions to protect the traveling public from the operation including, where necessary, the posting of a watchman to warn the traveling public."

■ Referring to plaintiff's first proposition, we note that it applies to those cases where any work is being carried on, the owner or original contractor, who causes

it or requires it to be done, is held accountable for such damage as may be negligently inflicted by reason of the prosecution of such work. Obviously, in the instant case, the work that was being carried on and by reason of which plaintiff was injured, was the operation of Schneider's truck. The paper company neither caused or required that work to be done. For that reason, the first proposition is not in point.

■ The second proposition applies to those cases where a crossing is made over a public way under peculiar circumstances rendering the crossing hazardous to persons lawfully using the way.

An examination of authorities, dealing with entrance ways to private property abutting upon public streets, discloses that there is nothing unusual or peculiar in the establishment of such entrance ways.

The record is barren of any testimony to the effect that the paper company controlled or had the right to control the movements of Schneider's truck. The paper company did not place the truck upon the entrance to its place of business nor operate it while it was there. There is evidence of a signal being given by the paper company's weighmaster when the weighing process was complete. This process usually consumed from half of a minute to five minutes. Schneider indicated that he interpreted that signal to mean that the way to the rear of his truck was clear. We think that no such interpretation was justified.

We have not found a case where it was sought to charge the abutting property owner as such because of injuries inflicted by a truck backing over an entrance way across the pedestrian's line of traffic and thereby striking a pedestrian: but there are well reasoned cases where defects and obstructions have been made in and

upon entrance ways to private property by those who are not employed by or under the control of the abutting property owner but have served his needs and convenience. These authorities hold that in such circumstances the abutting property owner is not liable for the damage caused by such defects and obstructions. By analogy, these authorities absolve the paper company from liability herein.

*Dibert v. Giebisch,* 74 Or. 64, 114 P. 1184, cited by plaintiff, holds in effect that there was testimony which, though contradicted, justified the trial court in submitting the case to the jury upon the question whether the third party, [Thompson], was an employe of defendants or an independent contractor. That question is not before us in the instant case. The paper company's codefendant was merely an invitee upon its property.

*Besner v. Central Trust Co.,* 230 N. Y. 357, 130 N. E. 577, 23 A. L. R. 1081, also cited by plaintiff, involved an injury to an employe of a subcontractor where the original contractor had agreed with the owner of a building to install self-closing gates or sliding doors at the entrance to the freight elevator. The owner of the building had agreed with his tenants that they could make use of such freight elevator. The plaintiff was fatally injured while at work upon such installation, and the court held the owner liable under the exception to the general rule. We quote from the opinion:

"According to the general rule an owner is not liable, when contracting for work to be done with an independent contractor, for accidents that happen in the course of the work.  *  *  *  *  *  To this general rule there is an exception where the work

contracted to be done may become inherently dangerous by the acts or interferences of the owner."

In the case at bar, plaintiff was merely a pedestrian upon the highway adjacent to the paper company's property.

*Woodman v. Metropolitan R. Co.*, 149 Mass. 335, 21 N. E. 482, 4 L. R. A. 213, 14 Am. St. Rep. 427, deals with the fatal injury at a place where defendant railroad company was having a track laid, which the court held to be an obstruction upon the street which would amount to a nuisance unless properly guarded.

*Ray v. Manhattan Light, Heat & Power Co.*, 92 Minn. 101, 99 N. W. 782, involved an accident to a pedestrian on a sidewalk wherein a covered opening had been made through which coal would be delivered. The coal dealer was held liable for the act of its servant in lifting the cover to the coal hole without warning and the owner of the property was held liable because the use of the opening in the sidewalk was for his benefit.

*Water Company v. Ware*, 16 Wall. 566, 21 L. Ed. 485, is a case where an incorporated company undertook to lay water pipes in a city under the provisions of a city ordinance, which, among other things, provided:

> "The said water company expressly agrees to protect all persons against damages by reason of excavations made by them in the said city, in laying pipes, and to keep the said excavations properly guarded by day and night, and to become responsible for all damages which may occur by reason of the neglect of their employes in the premises, and that the streets and highways in said city shall not be unnecessarily obstructed or incumbered in laying said pipes."

The rule there applied is thus stated:

"Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agreed and was authorized to do, the person who employs the contractor and authorizes him to do those acts *is equally liable* to the injured party."

*Russell v. Oregon R. & N. Co.,* 54 Or. 128, 102 P. 619, is a case involving a railroad crossing and the question arose with regard to the necessity of maintaining a watchman or installing an automatic signal apparatus. As applied to the facts of that case, the rule there declared is stated thus: Where the undisputed testimony shows extraordinary dangers, it is not error for the court to submit to the jury the question whether reasonable care for the safety of the traveling public demands that a watchman or other method of warning than the use of the bell and whistle be adopted.

There is such a difference between the danger attendant upon operating a train at a highway crossing and the circumstances attendant upon the backing of an automobile out of abutting garages or other places where automobiles customarily have access, that we think that the rule in the Russell case is not applicable here.

*Fisher v. Portland Ry. Light & Power Co.,* 74 Or. 229, 137 P. 763, 143 P. 992, 145 P. 277, recognizes the general rule that the employer is not liable to an employe of an independent contractor for personal

injuries received in the employment; but holds that this rule has no application where the work to be performed is dangerous, or the obligation rests upon the employer to keep the subject of the work in safe condition.

In the case at bar, there was no relationship of independent contractor. Neither was the weighing process dangerous.

*Giaconi v. City of Astoria,* 60 Or. 12, 113 P. 855, 118 P. 180, 37 L. R. A. (N. S.) 1150, on rehearing, recognizes the general rule above stated but recognizes that an expression thereto arises where the injuries are the necessary consequence of executing the work provided for in the contract or subsequently prescribed by the employer and also where the injuries are caused by the violation of some absolute, nondelegable duty which the employer is bound to discharge. We think that the Giaconi case is not in point.

■ The distinction between those cases wherein the abutting property owner has been held liable for injuries to travelers upon the adjacent street is illustrated in the following cases. In seven Massachusetts cases, it was held that whether the owner of abutting property was liable, was a question to be submitted to the jury. In each of these seven cases there was testimony tending to establish that the property owner was maintaining a nuisance upon his property, which caused the condition upon the sidewalk that resulted in plaintiff's injury. Those seven cases are: *Woodman v. Metropolitan R. Co.,* 148 Mass. 335, 21 N. E. 482, 4 L. R. A. 213, 14 Am. St. Rep. 427; *Leahan v. Cochran,* 178 Mass. 566, 60 N. E. 382, 53 L. R. A. 891, 86 Am. St. Rep. 506; *Hynes v. Brewer,* 194 Mass. 435, 80 N. E. 503, 9 L. R. A. (N. S.) 598; *Field v. Gowdy,* 199

Mass. 568, 85 N. E. 884, 19 L. R. A. (N. S.) 236; *Drake v. Taylor,* 203 Mass. 528, 89 N. E. 1035; *Marston v. Phipps,* 209 Mass. 552, 95 N. E. 954; *Agnew v. Franks,* 255 Mass. 539, 152 N. E. 346.

On the other hand, the following cases hold that the abutting property owner was not liable for plaintiff's injury. *Bamberg v. Bryan's Wet Wash Laundry,* 301 Mass. 122, 16 N. E. (2d) 653; *Catino v. Sorrentini,* 288 Mass. 89, 192 N. E. 489, and cases there cited; *Den Braven v. Public Service Electric & Gas Co.,* 115 N. J. L. 543, 181 At. 46; *Taggart v. Bouldin,* 111 N. J. L. 464, 168 A. 570; *Abar v. Ramsey Motor Service,* 195 Minn. 597, 263 N. W. 917; *Massey v. Worth,* 29 Del. 211, 197 A. 673.

The test applied is whether the abutting property owner has caused the obstruction or defect which in turn caused the injury. If such obstruction or defect was produced by agencies not under the control of the abutting property owner, he is not chargeable with damages suffered thereby.

Two comparatively recent Washington cases illustrate this distinction between the cases that hold those in possession of the abutting property liable and the cases that absolve such persons from liability.

*James v. Burchett,* 15 Wash. (2d) 19, 129 P. (2d) 790, as stated in the syllabus, holds that:

> "Owners of used automobile lot had the duty to exercise reasonable care to guard the public from injury because of gravel on sidewalk in front of lot, where owners knew that gravel was carried from lot on to sidewalk."

In that case it appeared that employes on the lot were accustomed to sweep the driveway which passed over the sidewalk when sweeping was needed but on

the day of the accident the sidewalk had not been cleaned or swept. *Bennett v. McGoldrick-Sanderson Co.,* 15 Wash. (2d) 130, 129 P. (2d) 795, is a case to recover damages for injuries to plaintiff caused by plaintiff slipping and falling upon the ice and snow covered sidewalk adjacent to the Palmerston Building in certain apartments of which defendant was a tenant. We quote from the opinion of the majority of the Washington court:

> "In the case at bar, the appellant did not create or contribute to the condition of the sidewalk. The snow and ice thereon had accumulated either from natural causes or through a combination of such causes and artificial discharges from a portion of the building of which appellant did not have possession and over which it had no control. Neither the owner of the Palmerston Building nor the appellant, as a tenant therein, would have been liable for injuries caused by naturally accumulated ice and snow, and the appellant is similarly exempt from liability for an accident resulting from an artificial condition which it did not create, but which was in fact the result of a defect in that portion of the building over which it did not have control. The appellant cannot, therefore, be held liable to respondent for the maintenance of the defective cornices; and it was consequently under no obligation to remove the unnatural accumulations of ice which resulted from the condition of the cornices. If the defect therein, and the resulting aggravation of the icy condition of the sidewalk, gave rise to any liability whatsoever, that liability rested upon the owner of the building or upon the tenant in control of the portion of the building to which the cornices were affixed. But neither of those parties is now before this court."

In the instant case, as we view the record, defendant paper company had no control over the truck or its

owner and hence the paper company is not liable for damages suffered by plaintiff in the unfortunate collision he had with such truck.

In an early Massachusetts case the principle applicable to the case at bar was applied. There defendant had a lease upon a building on Winter Street in Boston, occupying only the first floor and basement having subleased the upper floors. A fire started in the basement and extended to the first floor. There was no evidence that defendant was in any way responsible for the occurrence or management of the fire. Glass broken by the fire department in fighting the fire fell upon the sidewalk from windows in the building. Plaintiff slipped on the glass or ice and fell.

The case was submitted to the jury upon the first count of plaintiff's declaration which alleged that it was the duty of defendant, immediately after the fire, to clear away the broken glass and see that no harm came to persons using the sidewalk, either from the continued presence of the glass or through the artificial accumulation of water upon the leased premises and its discharge from said building in unusual quantities upon the sidewalk; that the defendant did not clear away said broken glass so as to render the sidewalk safe and suitable for travelers and passers-by, and did not take steps to remove the artificial accumulation of water discharged from said building at a time when the natural result was that the same would freeze and expose travelers to the danger of injury by falling, and to form ice making said sidewalk uneven, slippery and unsafe for public travel, and to constitute a public nuisance in said highway. A motion for a direct verdict

for defendant was overruled by the trial court. We quote from the opinion:

"The defendant was not liable because of the original accumulation of ice and glass upon the sidewalk. It was not caused by any wrongful act or omission on its part." [citing authorities] "No ordinance was in evidence requiring the defendant to keep the sidewalk clear, and, if there had been such, no liability could have been based upon it."

\* \* \* \* \*

"The sweeping, after the accident, of the glass and ice from the sidewalk did not prove, or tend to prove, any wrongful act or omission by the defendant, or amount to an admission of liability." *Tiffany v. Vorenberg Co.,* 238 Mass. 183, 130 N. E. 193, 14 A. L. R. 222.

The writer is aware that the factual situation in the cases above cited differs from that in the instant case. Those cases are cited in an endeavor to show that the principle we here apply is one of general application.

A California case, cited by counsel for the paper company, more nearly resembles the case at bar in its factual situation than any other. In that case, a truck belonging to defendant lumber company struck plaintiff, who was using the sidewalk. It was held that the motion of the defendants general contractors for nonsuit should have been granted, no evidence having been introduced that the general contractors had any right to control the movements of the truck or that they exercised or attempted to exercise any control at the time of the accident over its movements. *Withey v. Hammond Lumber Co.,* 140 Cal. App. 587, 35 P. (2d) 1080.

The judgment entered by the trial court, notwithstanding the verdict, is affirmed.