M. & D. MOTOR FREIGHT LINES et al. v. KELLEY.

No. 32363.   May 25, 1948.

Rehearing Denied Jan. 4, 1949.
Second Petition for Rehearing Denied Feb. 1, 1949.

*202 P. 2d 215.*

Butler & Rinehart, of Oklahoma City, for plaintiff in error Antrim Lumber Company.

Duke Duvall and Dudley, Duvall & Dudley, all of Oklahoma City, for plaintiffs in error M. & D. Motor Freight Lines and Commercial Standard Insurance Company.

Arthur J. Marmaduke and Jerome Sullivan, both of Duncan, for defendant in error.

DAVISON, V.C.J. This is an action wherein plaintiff seeks recovery for personal injuries received as the result of alleged negligence. There is little dispute about the facts. The parties will be referred to as they appeared in the trial court.

The yard and office of the defendant Antrim Lumber Company was located in the city of Marlow on the south side of Main street. Immediately west of it was the high school; immediately east in the next block was the post office. The lumber yard fence was parallel with, and some two or three feet from, the sidewalk. There was a sliding gate in the fence hung on overhead rollers, said gate being 14 feet wide. The driveway, entering this gate, was of concrete, sloping slightly down from the sidewalk. About even with the east end of the gate, and midway between sidewalk and fence, was an iron stob about one foot high for preventing the swinging of the gate. In the center of the driveway just inside the gate was a concrete marker about one foot by two feet with a beveled top, five inches high, on each side of which was painted the word "slow" as a caution to vehicles entering and leaving defendant's lumber yard.

On the morning in question a large tractor-trailer truck belonging to the defendant M. & D. Motor Freight Lines, with a shipment of shingles consigned to the lumber company, was backed up to within two feet of the gate which it could not enter because of a cross bar, above the driveway slightly lower than the top of the truck. There was a variance in the testimony as to whether or not the back of the truck was completely across the sidewalk. The front of the truck was out in the street.

About 8 o'clock that morning, plaintiff, a 17-year-old student, arrived at the school building on the school bus. She walked past the lumber company to the post office before the truck arrived. As she returned to school a few minutes later, the truck was there being unloaded by the driver, and an employee of the lumber company. Plaintiff started to go behind the truck, tripped on the iron stob; twisted her ankle on the driveway slope; then fell across the concrete "slow" sign. She was taken to a hospital where she remained 41 days, undergoing two major operations for injuries to her stomach as a result of the fall.

Plaintiff sued the lumber company, the trucking company and the surety on the latter's statutory bond, for damages for pain and suffering, absence from school, and hospital and medical care. The jury returned a verdict in her favor against both principal defendants in the amount of $3,000. From the judgment rendered thereon, this appeal has been perfected.

The first and primary question raised by both principal defendants is as to the sufficiency of the evidence of plaintiff. They rely upon the rule stated in Patrick v. Oklahoma City, 170 Okla. 545, 41 P. 2d 103:

"Negligence of the defendant to be actionable must be the proximate cause of the injury, and, unless it is reasonably apparent that the injury suffered by the plaintiff is the causal effect from the wrongful act of the defendants, a demurrer to plaintiff's evidence should be sustained."

In that case we reaffirmed our reasoning in Schaff v. Edwards, 111 Okla. 13, 237 P. 620, quoting therefrom as follows:

". . . 'The burden was on the plaintiff to show that the act of the defendant in leaving the coal car at the place where it stood was the reasonable and probable cause of the collision; that the result was such that a reasonable and prudent man might have anticipated the consequences. The burden rested on the plaintiff to show that his injury was the causal effect of some act of the defendant, which the latter could have foreseen by the exercise of or-

dinary prudence and care for the safety of those who traveled over the highway'."

However, the proof in the Patrick case is not the same as here. Therein, the plaintiff, going west on the north side of Tenth street in Oklahoma City, intended to turn south on the east side of Kelly street, but the defendant company had placed sewer pipe across the walk. She crossed the parking to get to the street, and in so doing, stepped on the metal covering of a storm sewer, which tipped and cause her to fall and injure herself. She sued the company and the city, and appealed from the order sustaining demurrers to her evidence. There was no testimony whatever of any defects in the sewer covering or that, if there were, either defendant knew of, or should have known of them.

Therein we followed the rule applicable in Lakey v. North McAlester Coal Co., 98 Okla. 130, 224 P. 309, that the happening of the accident is no evidence of negligence of the defendants. But herein the testimony goes much further. The present situation is quite similar to that in the Washington case of Larsen v. City of Sedro-Woolley, 49 Wash. 134, 94 P. 938, wherein plaintiff had been forced, because of obstructions on the sidewalk, to walk in the parkway between piles of lumber, where she tripped over a piece of the lumber protruding from one of the piles. In the Patrick case, the Larsen case was discussed, and distinguished therefrom, as follows:

". . . In that case, the plaintiff by reason of obstructions on the walk had been forced to walk off the sidewalk, and along the parkway between piles of lumber, and fell over a piece of lumber extending from one of the piles into the path she was forced to follow. In such case, the path she was forced to follow was obstructed and rendered dangerous by the acts of the defendants."

Here the plaintiff, in walking behind the truck, tripped on the iron stob and fell on the concrete marker. It is true she could have gone out to the middle of the street and around the front of the truck, or could have followed an entirely different route to the school. But that is not the yardstick for measuring negligence. There is a duty on the part of one blocking a sidewalk to use ordinary care in protecting the public by not causing them to travel an unsafe way unwarned. The driver of the truck testified that he left a two foot space between the truck and the gate for the school children to travel and that several of them had gone through this passageway before plaintiff came along. He further testified that he backed the truck close to the gate at the suggestion of the manager of the lumber company.

The employee of the trucking company and the employee of the lumber company were unloading shingles from the truck, and by backing it across the sidewalk and up to within two feet of the gate, instead of at the curb parallel with the street, they saved walking an additional eight or ten feet. It was for their own convenience that the public was deprived of the use of the sidewalk, and forced to go another route. They had a right to temporarily and reasonably obstruct the sidewalk for the purpose of unloading, and in doing so, they did not create a nuisance; but this did not relieve them from the results of their negligence. If the sidewalk had been entirely blocked a different situation would have been presented. But, here, they left a two foot opening as a passageway for the purpose of permitting pedestrians to use same, and with actual knowledge that said way was being so used. They extended an implied invitation to pedestrians to travel this route. By doing so they became duty bound to see that the path, so selected, was hazard free, or to warn persons using it of its dangers. Failure to discharge such duty constituted negligence and they and their employers became liable for injuries proximately resulting therefrom.

The case of Collins et al. v. Hazel Lumber Co., 54 Wash. 524, 103 P. 798, presented a situation wherein employees of the defendant lumber company felled two large trees across a highway. They then constructed a road around them on lands of another. Plaintiff's decedent was killed by his wagon overturning on this detour which had been previously used by several wagons. The case was defended on the theory that since the land on which the detour was built was owned by another, decedent was a trespasser, to whom they owed no duty. The court said:

". . . Here the appellant obstructed a public highway. Appellant thereupon went upon adjoining land and constructed a way around the obstruction. The foreman who constructed the way testified that he intended that persons traveling the public highway should use the way around the obstruction. The way itself was, of course, an implied invitation to use it. The mere fact that the appellant was a trespasser as to the owner of the land, or that persons traveling over the way were trespassers as to the true owner, did not make such persons trespassers as to the appellant. As between the appellant and persons lawfully upon the highway the appellant, under the conditions shown, was as clearly liable to his invitees as though it owned the land. . . ."

See, also, Community Natural Gas Co. v. Henley, 5 Cir., 54 F. 2d 59, holding that:

". . . one having obstructed a passageway across a street, having taken control there and having assumed, as defendant's testimony shows that it did, the obligation to provide a passageway over the obstruction, cannot escape liability for injuries resulting to persons using means of egress from the obstructed territory, which, though not actually provided by defendant, were permitted to assume an appearance of safe passage and to remain in that condition without guards or barriers, until one of the public, attempting to use it, came to harm. . . ."

In the instant case a dangerous condition was caused by the defendant lumber company placing the iron stob and constructing the marker in close proximity to the sidewalk, and in so building the gate that the truck could not enter the lumber yard for unloading. There is a duty on the part of a landowner to refrain from creating a dangerous condition near such sidewalk. As to what space, between a dangerous condition and the walk, will relieve the landowner of negligence varies with each case. It is safe to say that, if the condition can be foreseen by a prudent person, as a hazard to the public, a landowner is negligent in constructing it. Such was the case here as to both principal defendants. They could foresee that the condition produced by the acts of both created a hazard to the public and, in particular, the plaintiff.

In the case of St. Louis & S. F. Ry. Co. v. Ray, 65 Okla. 214, 165 P. 129, the rule was stated:

"Where a cause of danger to public travel exists on private land adjoining a public highway, the liability of the owner of the land for the injury from it depends on its dangerous character with reference to public travel, rather than to its exact location. The question whether it endangers public travel is as a general rule one of fact and not of law."

In Restatement of the Law on Torts, vol. 2, sec. 368, the rule is stated:

"A possessor of land who creates or maintains thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact therewith while traveling with reasonable care upon the highway, is subject to liability for bodily harm thereby caused to them."

The acts of the defendants in causing the dangerous condition were concurrent causes which together produced plaintiff's injury.

"Where, although concert is lacking, the separate and independent acts or negligence of several combine to produce directly a single injury, each is

responsible for the entire result, even though his act or neglect alone might not have caused it." Northup v. Eakes, 72 Okla. 66, 178 P. 266; Ironside v. Ironside, 188 Okla. 267, 108 P. 2d 157; Oklahoma Gas & Electric Co. v. Butler, 190 Okla. 393, 124 P. 2d 397.

The three essentials for recovery by plaintiff were present in this case: (1) a duty on the part of the defendants toward the plaintiff; (2) a violation thereof; (3) injury to plaintiff proximately caused thereby.

The testimony that the gate was twelve feet high and that the statute allowed trucks twelve feet six inches high to use the highway was admissible to show that the defendant lumber company could foresee that trucks too high to enter would back up to the gate and across the sidewalk to unload. Nor was there error by the trial court in allowing the plaintiff to testify that the defendant had mentioned settlement when getting a written statement from her, where such statement had been introduced in evidence by the defendant for impeachment purposes. Defendant paved the way for its introduction and waived any element of a privileged communication it may have had originally.

Defendant truck company complains that the trial court's instructions on contributory negligence were insufficient. The record discloses no evidence of contributory negligence on the part of the plaintiff. Either she was injured as a result of the defendants' action in inviting her over an unsafe way unwarned, or she was not. The principal issues were whether or not there was a duty on their part to furnish her a safe passageway, and if so, was there a breach of that duty resulting in her injury? If there were negligence on their part in furnishing an unsafe way, there could be no negligence on her part in relying on their judgment that it was safe. Therefore, there was no necessity for any instruction on this proposition.

The other ground urged by the defendants for reversal is that the positions of the principal defendants were antagonistic, and each should have been allowed three peremptory challenges in selecting the jury. The trial court allowed only three jointly. Section 573 of Title 12, O.S. 1941 provides:

"The plaintiff first, and afterward the defendant, shall complete his challenges for cause. They may then, in turn, in the same order, have the right to challenge one juror each, until each shall have peremptorily challenged three jurors, but no more."

The positions of the two principal defendants are not antagonistic, regardless of their personal attitude toward each other. Each had the common purpose of negativing any duty on its part to the plaintiff; any violation of a duty, any injury proximately resulting therefrom. It could make no difference to either that plaintiff recovered or not against the other. The facts, therefore, do not bring the case within the rule contended for by the defendants, and the trial court did not err in allowing them a total of three peremptory challenges.

The cause was presented to a jury with proper instructions and its verdict will not be set aside where there is any competent evidence reasonably tending to support it.

The judgment is affirmed.

HURST, C.J., and RILEY, CORN, and LUTTRELL, JJ., concur. BAYLESS, WELCH, GIBSON, and ARNOLD, JJ., dissent.