SAFEWAY STORES, INCORPORATED, a Maryland corporation, Plaintiff in Error,

v.

Lena MUSFELT, Defendant in Error.

No. 38549.

Supreme Court of Oklahoma.

Feb. 16, 1960.

Monnet, Hayes, Bullis, Grubb & Thompson, Oklahoma City, for plaintiff in error.

Carl A. Rizley, Sayre, Donald T. Royse, Elk City, for defendant in error.

JOHNSON, Justice.

Lena Musfelt sued Safeway Stores, Inc., a Maryland corporation, for damages for personal injuries. A jury trial resulted in a verdict and judgment in favor of Lena Musfelt. Safeway appeals.

The defendant complains of the trial court's action in overruling its demurrer to the plaintiff's petition, its demurrer to plaintiff's evidence, its motion for a directed verdict, and its motion for a new trial.

The salient facts, alleged and admitted, are that Safeway was the owner of a retail grocery store in Elk City, Oklahoma; that there was a customer parking space on the north side of the store building where persons who visited the store, without charge or directions from the store owner,

could park their automobiles. The parking space had painted lines indicating parking spaces. The parking spaces were between the building and the sidewalk. Customers drove across the sidewalk into the parking spaces, and in leaving backed their cars out over the sidewalk into the street, or highway.

On the date of the alleged injury plaintiff went to the Safeway store and purchased some groceries. After making the purchases, she left the store and walked to a point on the sidewalk opposite the north edge of the store building and parking space. A car, whose owner and driver was unknown to plaintiff, was negligently backed out of the parking space across the sidewalk and struck her, causing the injuries for which she obtained the verdict and judgment for damages, and about which Safeway complains.

Thus it is seen that some unknown person using Safeway's parking space, through the negligent operation of his car, injured the plaintiff.

Safeway, as the owner of the land abutting the sidewalk, of course, has a duty to pedestrians using the sidewalk. In the same way, Safeway would have had a duty to persons parked in the parking space who were going from the store to their parked cars, since such customers would have been invitees. The fact that the sidewalk abuts Safeway's property is only significant in establishing Safeway's duty. However, in this connection, plaintiff contends that the construction of the parking space was done in a negligent manner so that the negligent construction concurred with the negligence of the unknown third party (the driver of the automobile) in causing her injury.

■ In support of that contention among other cases cited plaintiff cites Safeway Stores, Inc. v. Billings, Okl., 335 P.2d 636, and M. & D. Motor Freight Lines v. Kelley, 201 Okl. 121, 202 P.2d 215. Plaintiff contends that the last cited case is on "all fours" with the factual situation of the case at bar. This case, and others cited of similar import, are not in point. All are clearly distinguishable. In the instant case there was no obstruction of the sidewalk. There was no co-existent liability or connection between Safeway and the third party's negligence in driving his automobile. The driver's negligence could not be imputed to Safeway. Safeway, the owner of premises abutting on a sidewalk, was required to use only ordinary care in the maintenance and operation of its property to prevent injury to users of the sidewalk. It was not an insurer of the safe condition of its premises, and it was not required to provide against the acts of third persons. 65 C.J.S. Negligence § 77(a); Booth v. Warehouse Market, Okl., 286 P.2d 721, and Le Barre v. Pacific Paper Materials Co., Inc., 175 Or. 614, 154 P.2d 985.

■ It is a matter of common knowledge that most residences and many business establishments have driveways leading from the streets across sidewalks onto their premises where cars are parked, and that such vehicles must be backed up (or out) in order to leave the premises. Under these circumstances the property owner is not liable because the owner cannot control and has no right to control the drivers of the vehicles. However, the property owner has a right to expect the drivers of cars to look before they back out. Id. But in case of injuries to a pedestrian who had preferential rights to the use of the sidewalk (Guyan Chevrolet Co. v. Dillow, 264 Ky. 812, 95 S.W.2d 796) as in the instant case, with the duty of the driver to exercise ordinary care to avoid injuring her, and where such driver failed to exercise that care required of him and negligently backed his car off Safeway's premises and injured the pedestrian, such property owner, at most, only furnished or created a condition making the injury possible. The property owner's negligence, if any, was not the proximate cause of the pedestrian's injuries, and, therefore, would not be responsible for the injuries to the pedestrian. See Booth v. Warehouse Market, supra; Le Barre v. Pacific Paper Materials, supra, and City of Okmulgee v. Hemphill, 183 Okl. 450, 83 P.2d 189 and cited cases.

Under the above authorities when applied to the facts and circumstances existing in the instant case, we conclude that the acts of Safeway were not the proximate cause of plaintiff's (Musfelt's) injuries and that the trial court should have sustained Safeway's motion for a directed verdict. Therefore, the cause is reversed and remanded with directions to dismiss the action against Safeway.

Other questions are raised, but in view of what we have said herein we deem it unnecessary to discuss them.

Reversed with directions.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, BLACKBIRD, and JACKSON, JJ., concur.

IRWIN and BERRY, JJ., dissent.