**Sharon BRYCE, an infant under the age of twenty-one (21) years, who sues by Lyndell Bryce, father and next friend, and Lyndell Bryce, individual, Plaintiffs in Error,**

**v.**

**Robert E. MAPLES, Defendant in Error.**

**No. 41462.**

Supreme Court of Oklahoma.

Feb. 14, 1967.

Alfred M. Parsons, Shawnee, for plaintiffs in error.

Charles W. Stubbs, Oklahoma City, for defendant in error.

PER CURIAM:

Sharon Bryce, an infant under the age of twenty-one (21) years, through Lyndell Bryce, her father and next friend, and Lyndell Bryce, individually, plaintiffs, commenced this action against Josephine Bryce and Robert E. Maples, defendants, for personal injuries to the minor and other damages as the result of a head-on collision of the automobile in which the minor plaintiff was riding, driven by her aunt, Josephine Bryce, and the automobile of Robert

E. Maples, the other defendant, on a narrow road in Pottawatomi County, Oklahoma. Prior to trial the case was dismissed without prejudice as to Josephine Bryce and Robert E. Maples remained as the sole defendant.

The jury returned a verdict for defendant Maples and judgment was rendered accordingly. Plaintiffs have appealed from the order overruling their motion for a new trial.

The sole specification of error urged and briefed by plaintiffs is that the trial court erred in not permitting Mrs. Lyndell Bryce (the wife of plaintiff Lyndell Bryce and the mother of the minor, Sharon Bryce) to testify because she was the wife of plaintiff Lyndell Bryce.

The force and effect of plaintiffs' argument is that Mrs. Bryce was a competent witness under Title 12 O.S.1961, Sec. 385, subsection (3). Defendant argues that Mrs. Bryce was not competent to testify under the above statutory provision, and her testimony would be nothing more than cumulative evidence.

In order to sustain plaintiffs' argument that they are entitled to a new trial because the trial court erred in excluding the testimony of Mrs. Bryce, the alleged error must constitute a reversible error. See Samara v. State of Oklahoma ex rel. Oklahoma Capitol Improvement Authority, Okl., 398 P.2d 89, wherein we held that a judgment will not be reversed for error in the rejection of evidence unless it appears from an examination of the entire record that such error has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right. And Title 12 O.S.1961, § 78, which provides that:

"The court, in every stage of the action, must disregard any error * * * which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error * * *."

Since all the errors of a trial court do not necessarily constitute reversible errors,

whether the trial court erred in excluding the testimony of Mrs. Bryce is a material issue only if such alleged error constitutes reversible error. We will now consider the evidence and applicable law and determine if the alleged error constitutes reversible error, and in making such determination, we will assume that the trial court erred in excluding the testimony of Mrs. Bryce.

In determining whether the exclusion of Mrs. Bryce's testimony constitutes reversible error, we find that she was not a witness to the accident and her testimony, had she been permitted to testify, would have been directed solely to the extent of injuries and the pain and suffering sustained by her minor daughter as a result of the accident. Plaintiffs did get into the record and before the jury everything they say Mrs. Bryce would have testified to had she been permitted to testify, as everything suggested in the offer of proof was covered by her husband's testimony and by Doctor K. Therefore, her testimony, if admitted, could only have been cumulative as to the extent of injuries and the pain and suffering sustained by the minor daughter and would have had no bearing on the question of negligence, liability or fault of defendant.

The unanimous verdict of the jury and judgment rendered thereon can only be regarded as a determination that plaintiffs failed to establish negligence on the part of defendant proximately causing the accident and resulting injuries and damages.

In Patrick v. Oklahoma City, 170 Okl. 545, 41 P.2d 103, we held that where the plaintiff has failed to show any negligence on the part of the defendant on which a judgment in plaintiff's favor could be rendered, refusal of the court to permit the introduction of certain evidence pertaining to the extent and probable duration of the injuries is not error justifying a reversal of the cause. In City of Pawhuska v. Crutchfield, 147 Okl. 4, 293 P. 1095, we held that the improper admission or exclusion of evidence, if not prejudicial to the party complaining, is not ground for reversal.

In view of the character of the offered testimony, which would have had no bearing on the question of negligence, liability or fault of the defendant, we can only conclude that the exclusion of the testimony of Mrs. Bryce did not affect the substantial rights of plaintiffs and does not constitute reversible error, even if we assume such testimony was admissible and the trial court committed error in excluding same, which we do not herein determine.

Judgment affirmed.

All the Justices concur.

The Court acknowledges the services of Lee B. Thompson, who with the aid and counsel of Granville Tomerlin and Bert Barefoot, Jr., as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to IRWIN, V. C. J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.